## JOHN C. ALBRICHT, Plaintiff in Error,

### *vs.*

## THE STATE OF WISCONSIN, Defendant in Error.

#### ERROR TO THE MILWAUKEE CIRCUIT COURT.

It is not competent for the prosecutor, on the trial of an indictment for Manslaughter, to give evidence of facts tending to prove another and distinct offense, in order to raise an inference that the prisoner is guilty of the offense charged.

Nor is it competent to give evidence of the prisoner's tendency to the commission of like acts to those charged.

Where a defendant was indicted for manslaughter, in killing his boy by a blow with a chisel "in the heat of passion, and without a design to effect death;"—*held*, that it was error to admit proof that the prisoner had previously been in the habit of striking his boy, and knocking him down, for the purpose of showing the frame of mind or temper of the defendant when he committed the fatal act.

*Semble*, That under such an indictment, the *animus* of the defendant has been rendered immaterial by the language employed in the construction of the charge; and evidence of the previous habit of the prisoner, or of other distinct acts on his part towards the deceased, while subserving no legitimate purpose, might prejudice the defendant in the minds of the jury.

The defendant was indicted for manslaughter, for killing Herman Albricht, by a blow, with a chisel, upon the top of his head. And the indictment charges, " that the said John C. Albricht, in manner and form aforesaid, feloniously, and in the heat of passion, without a design to effect death, with said chisel, the said chisel being a dangerous weapon, did kill," &c.

On the trial of the indictment in the court below, the State called as a witness Louise E Geib, by whom the prosecutor offered to prove that the witness had seen the defendant strike the deceased (being the defendant's son,) at a former time and times, not connected with the transaction upon which the indictment was founded : to the admission of which testimony the defendant, by his counsel, objected; but the court overruled the objection, and the witness testified substantially as follows :

" I know the defendant, I lived about twenty rods from him in January last. I knew his boy who died last winter; his name was Herman Albricht. He was about six years old. I have seen the defendant strike him with an axe helve; it was about a year ago; it was in front of defendant's house, in the day time. Herman was knocked down by the blow; the defendant hit him on the shoulder; defendant struck him sideways; I have seen the defendant strike him with his fist; I have seen defendant knock him down. Herman was the son of John C. Albricht, the defendant. I cannot tell when I have seen the defendant strike the boy; it was sometime since the defendant lived there."

The defendants's counsel objected to all the above testimony, on the ground that it did not prove or tend to prove the allegations in the indictment, or any part thereof; and that it was not allowable to show on the trial that the prisoner has a general disposition to commit the same kind of offense for which he was indicted, and that the prisoner's character cannot be put in issue by the State, unless he first opens the door to the testimony by offering evidence of good character.

These objections were overruled by the court, and the defendant excepted.

Whereupon the court charged the jury, " that the testimony of the witness, Louise E. Geib, which had been given on the part of the prosecution, with regard to the treatment of the defendant towards the boy for whose death he was indicted, was competent only for the purpose of showing the frame of mind of the defendant when he committed the offense with which he stands charged. The jury must, however, before they give any weight to this part of the testimony, be satisfied from the other testimony in the case, that the boy came to his death by the act of the defendant; that although they might be satisfied, from the testimony of the witness, Louise E. Geib, that the defendant had been in the habit of striking the boy, and of knocking him down, yet that this testimony would have no tendency to prove that he inflicted the injuries of which the boy died, and that they must not look to this testimony in

making up their minds, whether the defendant killed the boy. But if from the other testimony in the case they were satisfied that the defendant did kill the boy, then they might consider his previous treatment of the boy simply for the purpose of showing the frame of mind or temper of the defendant when he committed the fatal act; that when the indictment was for manslaughter in the third degree, as the case is here, the offense must be committed in the heat of passion, without the design to effect death; that if the jury were satisfied from the testimony that the defendant had been in the habit of striking the boy and knocking him down in a passionate manner, they were at liberty to consider this in arriving at a conclusion, whether, if he committed the offense for which he is indicted, it was done by him in the heat of passion, and without a design to effect death. The court illustrated the instruction, by refering to the rule which permits the prosecutor, when the defendant is indicted for burglary, issuing counterfeit money, or for obtaining money under false pretences, to give evidence of other offenses of the same kind, at or about the same time, " for the purpose of showing the intent."

To which instruction of the court the defendant, by his counsel, excepted; the jury found the defendant guilty, and the defendant moved for a new trial on account of the misdirection to the jury, which motion was overruled, and exceptions taken, and thereupon the court proceeded to pass sentence upon the defendant, which was for three years hard labor in the state prison.

*Scarritt, Carpenter and Burnham* for plaintiff in error.

I. The court below improperly admitted the witness, Louise E. Geib, to prove that the prisoner had a general tendency to commit the same kind of offense.    2 Russ. on Cr., 772; 1 Phil. Ev., 477; Roscoe, Crim. Ev., 81.

II. In admitting testimony of particular acts of defendant, which had no connection with the offense charged.    2 Russ. on Cr., 772, 774; 10 Conn. R., 372; 1 Leigh, 574; 7 Iredell, R. C. 251;   22 Pick., 394; 2 Russ. on Cr., 784 & note.

*Wm. R. Smith*, Att'y Gen'l for the State.

*By the Court*, COLE J. The plaintiff in error was indicted for manslaughter, for feloniously, in the heat of passion, and without a design to effect death, killing by means of a dangerous weapon, to wit, a chisel, his son Herman Albricht. Upon the trial of the cause, one Louise E. Geib was called as a witness on the part of the State for the purpose of proving that she had seen the defendant strike his son, at a former time and times not connected with the transaction upon which the indictment was founded. This testimony was objected to for irrelevancy, and as not being admissible under the indictment; but the objection was overruled, and the witness permitted to testify that she saw the defendant, about a year previous, strike his son with an axe-helve and knock him down; that she had seen the defendant strike the boy with his fist and often knock him down. The defendant was found guilty as charged in the indictment; and a motion was made for a new trial, chiefly upon the ground that the evidence of Louise was incompetent and improperly admitted. The motion was denied by the court and an exception taken.

The only question we have now to consider, is, was the testimony of Louise properly admitted? We think it was not.

It is stated to be a general rule, both in civil and criminal cases, that the evidence shall be confined to the point in issue, and that the necessity of strictly enforcing this rule is stronger if possible in criminal than in civil cases. Roscoe's C. Ev. 57; 2 Russel on Crimes, 695 ; 1 Greenl. Ev., §52 and 53 ; 1 Phil. on Ev. 477. "Under this rule, (it is also laid down by Ros-"coe,) it is not competent for the prosecutor to give evidence "of facts tending to prove another distinct offense for the pur-"pose of raising an inference that the prisoner has committed "the offense in question. Thus, in treason, no overt act "amounting to a distinct and independent charge, though fall-"ing under the same head of treason, can be given in evi-"dence unless it be expressly charged, in the indictment; yet "if it amounts to direct proof of any of the overt acts laid, it "may be given in evidence. Foster, 245. Upon the same "ground it is not competent to the prosecutor to give evidence

"of the prisoner's tendency to commit the offense with which "he is charged;"

In the case at bar it is quite true that the court in its charge instructed the jury that the evidence of Louise was incompetent to prove the *corpus delicti*—and that they were not at liberty to conclude, from the circumstances, that the defendant had been in the habit of striking his boy and knocking him down, that he did kill him, but that the fact of his killing the boy must be established by other testimony. Notwithstanding this caution of the court, we think the admission of the testimony was calculated to prejudice the defendant in the minds of the jury, and the defendant having no notice of such a course of examination, could not have been prepared, however unfounded the evidence might have been, to show its falsity and rebut it.

The court further stated in substance, to the jury, that if they were satisfied that the defendant did kill the boy, then they might consider his previous treatment of him simply for the purpose of ascertaining the frame of mind or temper of the defendant when he committed the fatal act; and that when the indictment was for manslaughter in the third degree, as in this case, the offense must have been committed in the heat of passion, and without the design to effect death; and if they should be satisfied from the evidence that the defendant had been in the habit of striking the boy and of knocking him down in a passionate manner, they were at liberty to consider this in arriving at the conclusion whether, if he committed the offense, it was done in the heat of passion without a design to effect death. But we do not consider the testimony of Louise admissible for any such object or purpose as supposed by the court. It will be remembered that the indictment distinctly charged that the offense was committed in the heat of passion and without a design of effecting death. There was, therefore, no question as to the purpose or intent with which the act was done. No malice, express or implied, had been alleged, and of course there could be proof of none. Had the

Albricht vs. the State of Wisconsin.

defendant been on trial for murder, perhaps his treatment of his child might have been competent to show malice, and a settled and deliberate design to kill. However this may be, we consider it very clear that the evidence was inadmissible under this indictment. The case is not, as suggested by the court below, analagous to those cases where collateral facts are examined into, for the purpose of establishing a guilty intent, purpose or knowledge of a party. As where a person is indicted for uttering and passing counterfeit bank bills or coins, knowing them to be such, it is competent to show, for the purpose of establishing the fact that the defendant knew the character of the notes or coins, that on other occasions he had passed similar counterfeit bills or coins. *Rex vs. Whiley and Hanes*, 2 Leach, 893 ; *Rex vs. Bull*, 1 Camb. 324 ; Roscoe's Criminal Ev., 67. Or where a person is charged with fraud in a particular transaction, evidence may be offered of similar previous fraudulent transactions between him and third persons, (as in *Rex vs. Roberts et al*, 1 Camp., 399. *Bottomley vs. United States*, 1 Story 136 ;) to show the fraudulent design and intent. Or where a person is indicted for kidnapping, and the intent becomes a material subject of inquiry, evidence of other facts than those connected with the act charged becomes admissible to show the purpose of the defendant in obtaining possession and custody of the child alleged to be unlawfully taken. *Commonwealth vs. Turner*, 3 Met., 19 ; or like the case where, upon an indictment for receiving stolen goods, evidence was admitted that the prisoner, at various other times, received different parcels of goods which had been stolen from the same persons, in proof of the guilty knowledge, *Rex vs. Dunn and Smith*, 1 Moody C. C. 146 ; and many other cases involving the same principles found in the books.

As already observed, the question of intent did not arise under this indictment, for it expressly negatived the idea that there was purpose or design in the killing. And the killing would have been presumed to be felonious or unlawful until the contrary appeared.

We therefore think that there must be a new trial.