STATE OF IOWA v. MARSHALL FIELDING, Appellant.

Jurors: CHALLENGES: Where a juror unqualifiedly affirms his ability to discard any prejudice that may have arisen in his mind, growing out of conversations respecting defendant's guilt, the court is justified in overruling a challenge as to him because he has formed and expressed an opinion.

**Excusing a juror.** Excusing a juror after his acceptance, because of sickness in his family, is not prejudicial to the defendant, where he is allowed an additional peremptory challenge on account thereof.

**Jurors:** WAIVER OF OBJECTION. A defendant is in no position to complain of the overruling of his challenge to a juror, or of the court's action in excusing a juror, where he has not exhausted his peremptory challenges and he allows the juror to whom objection was made to remain on the panel.

**Murder:** EVIDENCE. On a prosecution for murder evidence of difficulties between defendant and deceased prior to the killing is admissible.

**Same:** DYING DECLARATIONS. The dying declaration that defendant deliberately shot decedent is not objectionable as a conclusion; and statements relating to the act, though general in nature, which tend to show the collective act involving defendant's guilt are admissible.

**Trial:** READING OF REPORTER'S NOTES: DISCRETION. The court may without prejudice require the reporter to read his notes of the evidence for the purpose of determining what portions should be stricken, though in presence of the jury, where he does not exceed a reasonable discretion in the matter.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JULY 3, 1907.

ON an indictment for murder in the first degree, defendant was convicted of manslaughter, and sentenced to imprisonment in the penitentiary for eight years, from which sentence he appeals.— *Affirmed.*

*Woodson & Brown,* for appellant.

*Chas. W. Mullan,* Attorney-General, *Charles W. Lyon,* Assistant Attorney-General, and *John N. McCoy,* County Attorney, for the State.

MCCLAIN, J.—I. The assignment of error on the overruling by the trial court of defendant's challenge to a

juror on the ground that he had formed and expressed an opinion as to the guilt of defendant is not well taken. The record shows that at the conclusion of his examination by the court he unqualifiedly affirmed his ability to discard any belief of defendant's guilt based on conversations with reference to the matter, and the court, in the exercise of a sound discretion, was justified in reaching the conclusion that the objection to him was unfounded. *State v. Crofford,* 121 Iowa, 395.

1. Jurors: challenges.

The complaint that another juror, after being accepted, was excused by the court at his own request, on account of sickness in his family, is also without merit. In excusing this juror the court gave the defendant the right to exercise an additional peremptory challenge, if his counsel saw proper to do so, and there could have been no prejudice resulting from the ruling.

2. Excusing a juror.

But, without regard to the abstract question of the correctness of these two rulings of the court, defendant cannot complain for it does not appear that he had exhausted his peremptory challenges, or that any juror to whom objection was made and who could not have been removed by peremptory challenge was allowed to sit. *State v. Wright,* 112 Iowa, 436.

3. Jurors: waiver of objection.

II. The person whom defendant was charged with killing was his wife, and complaint is made of the introduction of testimony as to difficulties between them three days before the killing, in which defendant struck his wife, and by his declarations indicated ill will toward her. This testimony as to prior difficulties was admissible to show the relations of the parties to each other. 1 McClain's Criminal Law, section 417.

4. Murder: evidence.

III. Statements of deceased with reference to the circumstances attending the injury inflicted upon her by her husband which caused her death were proven over defendant's objection. The complaint with reference to the rulings permitting the introduction of this evidence are not well

founded. The record sufficiently shows the belief of the
injured woman at the time these declarations

5. Same: dying declarations.

were made that she was about to die to justify
their consideration by the jury; and, while
it is contended that the statement of the wife, in this connec-
tion, that defendant deliberately shot her, involved a mere
conclusion, the contention is without merit. These statements
related to the act or transaction of the killing, and, while
general in their nature, they tended to prove a collective fact
involving the defendant's guilt. *Sullivan v. State,* 102 Ala.
135, 142 (15 South. 264, 48 Am. St. Rep. 22); *State v.
Saunders,* 14 Or. 300, 305 (12 Pac. 441); *White v. State,*
100 Ga. 659, 666 (28 S. E. 423); *State v. Nettlebush,* 20
Iowa, 257; *State v. Baldwin,* 79 Iowa, 714; *State v. Kuhn,*
117 Iowa, 216, 228. The declarations here considered are
different in this respect from those which were held in *State
v. Wright,* 112 Iowa, 436, 445, and *State v. Sale,* 119 Iowa,
1, 4, to be inadmissible as mere statements of conclusion or
opinion. The statement in the case before us involved, first,
an assertion of the fact that it was defendant who shot her;
and, second, as to the manner and attendant circumstances
of the shooting, that it was intentional and not accidental.

IV. There was no error in the action of the court in
directing the stenographer to read over her shorthand notes
of the declarations of the deceased as testified to by the

6. Trial: reading of reporter's notes: discretion.

witnesses in the presence of the jury, for the
purpose of enabling the court to determine
whether portions thereof should be stricken
out. It is certain the trial judge in the course of the trial
may have his recollection of the testimony refreshed by call-
ing upon the shorthand reporter to read it, and no authority
is cited in support of the claim that this constitutes error, in
the absence of any showing that the court went beyond a
reasonable discretion in the matter.

No error is made to appear, and the conviction is *af-
firmed.*