# Commonwealth *v.* Ballon, Appellant.

*Criminal law—Murder—Evidence—Previous attempt at robbery—Confession of confederate—Inference of assent.*

1. Where a prisoner indicted for murder confesses that he went with three others in the nighttime to the house of the deceased, remained outside the house until the killing took place, and then entered, but denies that he confederated with the men who did the killing, evidence is admissible to show that about three weeks previous to the murder he had conspired with two of the men who had done the killing to break into the deceased's house to rob or steal, and had at that time actually made the attempt.

2. On the trial of an indictment for murder, where the commonwealth shows that shortly after the prisoner's arrest, but before information against him, a confession of a confederate had been read to him, and that he made no denial of the statements it contained with respect to his own complicity, but became visibly affected, the confession of the confederate may be read in evidence to the jury, but only for the purpose of supporting an inference of assent to the statements made therein from the defendant's silence and manner.

Argued Oct. 3, 1910.    Appeal, No. 207, Jan. T., 1910, by defendant, from judgment of O. & T. Montgomery Co., on verdict of guilty of murder of the first degree in case of Commonwealth *v.* John Ballon.    Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.    Affirmed.

Indictment for murder.    Before Swartz, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. The court below erred in allowing the jury to consider evidence of attempts to break and enter the murdered man's house several weeks in advance of the date of the actual commission of the crime charged.

2. The court below erred in allowing the confession of Felix Fare to be read to the jury, and in not instructing the jury that the circumstances attending the reading of the confession made it at least a quasi judicial proceeding, and therefore the prisoner's silence or other actions were not competent evidence.

*Charles B. Connolly*, for appellant.—The general tenor of the decisions of the higher courts in this state would indicate that they confine the efforts of prosecuting attorneys to proving prisoners guilty only of the crimes charged in the indictments. Other offenses not specifically charged cannot be introduced at the time of trial. Shaffner v. Com., 72 Pa. 60; Com. v. House, 223 Pa. 487.

The confession of Fare was improperly admitted: Fife v. Com., 29 Pa. 429; Com. v. Johnson, 213 Pa. 607.

*Chas. D. McAvoy*, assistant district attorney, with him *J. B. Larzelere, Jr.*, district attorney, for appellee.—Evidence of the prior burglaries is competent to show motive, purpose, identity and guilty knowledge: Com. v. Hutchinson, 6 Pa. Superior Ct. 405; Com. v. Ferrigan, 44 Pa. 386. Com. v. Biddle, 200 Pa. 640; Com. v. Major, 198 Pa. 290.

Besides the proof of direct evidence, the conduct or demeanor of the prisoner, on being charged with the crime, or upon allusions being made to it, is frequently given in evidence against him: O'Mara v. Com., 75 Pa. 424; State v. Nash, 7 Iowa, 347; State v. Baldwin, 36 Kan. 1.

OPINION BY MR. JUSTICE STEWART, January 3, 1911:

The victim of this murder was an old man named Johnson, who lived by himself in a humble home in Montgomery county; about two and one-half miles from Norristown. Among some he was reputed a man of miserly habits who had accumulated his earnings until they amounted to a considerable sum, which it was supposed he kept either upon his person or secreted about his

house.  By a written statement voluntarily made shortly after he was taken in custody, the defendant admitted that on the night the assault was made on the old man, and from the effects of which he died within a day or so thereafter, he in company with three other men went to Johnson's home about midnight.  Singularly enough this written statement in its entirety does not appear in either paper-book.  All we have before us in regard to its contents is what appears in the judge's charge.  This so far as it goes we will assume to be a correct recital, since it is not made the subject of complaint.  It does not appear that in the statement the defendant indicated any purpose, lawful or otherwise, that he and his companions had in visiting the house of Johnson on this particular occasion.  That purpose whatever it was is to be derived from the evidence as to what there occurred, and the acts and declarations of the defendant which preceded the occurrence.  In the statement he declares that in accompanying his three associates he did not know where they were going or what they had in mind to do.  He admits that he did accompany them to the Johnson home, and that when there he saw one of the party break through a cellar window or screen, and saw this man, whom he knew to be armed with a pistol, and another of his companions, enter the cellar of the home through the opening thus made; that shortly thereafter he heard firing within the house, and that then the kitchen door being unfastened by those within, he and his remaining companion entered.  He then describes the situation as he found it.  The injuries from which the old man died had already been inflicted; he was lying in a chair, his head bleeding, and he had been robbed.  The defendant declared that he bound up the wound with a handkerchief and then went to his home, leaving his three companions in the house.  That the murder was committed in an attempt to rob or steal was established beyond possible contradiction.  The only question was whether the defendant was confederated with the three men who broke and entered the dwelling, one

of whom fired the fatal shot. Were there nothing in the case beyond the facts above recited the jury would have been warranted in finding a verdict of guilty in manner and form. The fact that the defendant accompanied three others two and one-half miles into the country at the hour of midnight to the home of an old man living alone, and, who so far as the evidence shows, sustained no relation to any of the parties, not even of acquaintanceship, while not sufficient perhaps in itself to associate him with the felonious purpose of those of the party who broke and entered the house, yet, unexplained, it needed but little by way of supplement to convince beyond reasonable doubt that he shared in the common purpose, despite his denial of guilty knowledge. That little was more than supplied by his own admission that when they arrived at the house, he stood in front of it and saw two of his companions break a cellar window and force an entrance into the house; that instead of at once withdrawing from the place he remained standing there, or walking about the house, until he heard shots fired within, and then entered himself through a door which those within opened to admit him. With these facts admitted, without qualification or explanation, no other inference was possible than that the defendant not only had guilty knowledge of the criminal purpose of his companions, but that he was an active participant in their crime. The commonwealth, however, with a view to strengthen the inference of his guilty knowledge of the design of those he was with, to commit burglary, introduced evidence to show that about three weeks previous to the murder the defendant had conspired with two at least of the party he was with on the night of the murder, to break into the Johnson house to rob or steal, and had actually made the attempt. The admission of this evidence is assigned as error. Its admissibility depends upon the purpose for which it was offered, and that purpose we have just stated. It was not to show depravity on the part of the defendant equal to the commission of burglary, by proving an earlier offense

committed by him of like degree; but to support the contention of the commonwealth that his presence at the Johnson house on the night of the murder, was with intent to accomplish the robbery which he had shortly before attempted but in which he had failed. The evidence was clearly admissible.

One Faire was charged with complicity in the crime. After his arrest he made a voluntary confession in writing in which he declared among other things that the defendant was present and participated in the crime. Immediately following the confession the defendant was arrested, and the statement made by Faire was read to him in Faire's presence. Separate trials were allowed these two men. On the trial which is here for review the commonwealth was permitted to show, that shortly after defendant's arrest but before information had been made against him, the statement of Faire was read to him, and that not only did he make no denial of the statements it contained with respect to his own complicity, but became visibly affected, and several hours afterwards made his own confession above referred to. This ruling required the Faire confession to be read in presence of the jury. It is objected that it was incompetent. The only purpose of the evidence was to support an inference of assent to the statements made in the confession, from the defendant's silence and manner; and its effect was so limited by the court in the plainest terms. There is no analogy between this case and that of Com. v. Johnson, 213 Pa. 607, which is relied upon as supporting the contention here made on behalf of the defendant. In that case the admission of the testimony was condemned on the ground that the incriminating statement which it was proposed to show had been made in the prisoner's presence, was immediately followed by his denial of its correctness. Here the defendant remained silent under the charge, and an inference of assent could properly be derived from his silence. The case referred to simply reaffirms the general rule that statements made in the presence of one accused of crime,

can be put in evidence against him only when his silence under the circumstances is ground for the inference of his assent to their correctness. Here sufficient ground was shown. There is nothing in that case which in any way conflicts with the ruling in this. Upon a careful review of the whole record we find no error committed. The assignments of error are overruled; the judgment is affirmed and the record remitted for execution.