[No. 11934. Department Two. July 22, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v.
FREDERICK LEWIS, *Appellant*.[1]

INDICTMENT AND INFORMATION—INCLUDED OFFENSES—MURDER—MANSLAUGHTER. An information charging that defendant did wilfully, unlawfully, etc., and with intent to effect the death of deceased, with his hands, fists, feet and by other means violently strike etc., and otherwise abuse her, with extreme atrocity and cruelty, thereby bruising and lacerating her body, face, head and neck and mortally wounding her, of which mortal wounds she died, includes a charge of manslaughter as well as of murder, and the question of his guilt of either crime was properly submitted to the jury.

HOMICIDE—EVIDENCE—PRIOR ACTS OF VIOLENCE. In a prosecution of a husband for the death of his wife, occasioned by a violent assault upon her, evidence is admissible showing previous violent assaults made by him upon her.

HOMICIDE—EVIDENCE—DYING DECLARATIONS. Dying declarations of a deceased made four or five days before her death, tending to show that the injuries resulting in her death were made by the accused assaulting her, are admissible in evidence, where the evidence further shows that her death occurred as a direct result of the injuries received and that, at the time of making her declarations, she was under the solemn conviction of approaching dissolution.

CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTIONS. Refusal of the court to give requested instructions is not prejudicial, where other instructions of the same nature and equally favorable were given by the court.

[1]Reported in 141 Pac. 1025.

SAME—RECORD—STATEMENT OF FACTS—NECESSITY. Refusal to grant a new trial on the ground of misconduct of the jury, occurring out of the presence of the court, is not reviewable in the absence of evidence embodied in the statement of facts touching upon such error.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 29, 1913, upon a trial and conviction of manslaughter. Affirmed.

*Marion A. Butler*, for appellant.
*John F. Murphy* and *S. H. Steele*, for respondent.

PARKER, J.—The defendant was charged by information, filed in the superior court, with the crime of murder, as follows:

"He, said Frederick Lewis, in the county of King, state of Washington, on the 18th day of July, 1913, did then and there wilfully, maliciously, unlawfully, feloniously, and with the design to effect the death of one Annie Lewis; with his hands, fists, feet and by other means unknown to the undersigned prosecuting attorney; in an angry and violent manner, strike, beat, kick and otherwise abuse the said Annie Lewis with extreme atrocity and cruelty, thereby breaking the jaw, and severely bruising and lacerating the legs, body, face, head, and neck of the said Annie Lewis, thereby mortally wounding the said Annie Lewis, of which said mortal wounds the said Annie Lewis, on the 25th day of July, 1913, died."

A trial before the court and a jury resulted in a verdict finding him guilty of manslaughter. Thereupon, judgment was rendered, sentencing the defendant to the penitentiary, from which he has appealed to this court.

The evidence produced upon the trial tended to show, and, we think, was ample to warrant the jury in believing, that the death of Annie Lewis was caused by a vicious assault made upon her by appellant in the manner, and by the means, alleged in the information, though he was found guilty of manslaughter only, and thereby acquitted of having made the assault with the intent to effect the death of Annie Lewis.

It is contended in appellant's behalf that the trial court

erred in submitting to the jury the question of his guilt of manslaughter together with the question of his guilt of murder. Counsel's contention seems to be that the crime of manslaughter is not included in the crime of murder, as charged in this information. We are quite unable to agree with this contention. If we should eliminate from the charging language of the information the words "and with the design to effect the death of one Annie Lewis," there would remain a clear and sufficient charge of manslaughter; that is, a charge of homicide which was not "excusable or justifiable." Rem. & Bal. Code, § 2395 (P. C. 135 § 285). We are clearly of the opinion that the crime of manslaughter is included within the charging language of the information, and that the court properly submitted to the jury the question of appellant's guilt thereof, together with the question of his guilt of murder. The jury were, therefore, authorized to find the appellant guilty of manslaughter so far as the charging language of the information and the law applicable thereto is concerned. Rem. & Bal. Code, § 2168 (P. C. 135 § 1205).

Annie Lewis was, at the time of her decease, and for some years prior thereto, the wife of appellant, living with him as such. Evidence was introduced, over the objections of appellant, tending to show previous assaults of a violent nature having been made by him upon her. The admission of this evidence, it is insisted, was erroneous and prejudicial to the rights of appellant. We do not think so. There are numerous decisions holding that previous ill treatment of a wife by her husband, especially in the nature of assaults committed by him upon her, are admissible in evidence against him upon his trial for the murder of his wife. *Fowler v. State,* 155 Ala. 21, 45 South. 913; *Phillips .v. State,* 62 Ark. 119, 34 S. W. 539; *Hall v. State,* 31 Tex. Cr. App. 565, 21 S. W. 368; *Roberts v. State,* 123 Ga. 146, 51 S. E. 374; *State v. Fielding,* 135 Iowa 255, 112 N. W. 539; *Thiede v. Utah Territory,* 159 U. S. 510; McClain, Criminal Law, § 417.

In the text of 21 Cyc. 913, it is said:

"The rule admitting evidence of previous relations applies with peculiar force in the case of the indictment of a husband, charging him with the murder of his wife."

We are of the opinion that there was no error in the admission of evidence of the nature here complained of.

There was admitted in evidence, over the objection of counsel for appellant, dying declarations of Annie Lewis tending to show that the injuries resulting in her death were caused by appellant assaulting her, as charged in the information. These declarations were made after receiving her injuries, but several days before her death. It is insisted that these declarations were erroneously admitted because of the length of time elapsing between the time they were made and the date of her death, and because they are not shown to have been made under a consciousness on her part of impending death. We deem it sufficient to say that, to our minds, the evidence clearly warrants the conclusion that Annie Lewis' death occurred as the direct result of injuries received by her seven days after receiving the same, and that, when she made her declarations introduced in evidence, she was under the solemn conviction of approaching dissolution. This was evidenced by her express declarations then made, and by her critical physical condition then existing, although she did not finally die until some days, possibly four or five, after making the declarations pointing to appellant as the one committing the assault resulting in her injuries. In *State v. Bridgham*, 51 Wash. 18, 97 Pac. 1096, Chief Justice Hadley, speaking for the court, said:

"The standard required for the admissibility of the declaration is that the declarant should have believed that she was about to die, that she made the declaration under the belief that she would not recover, and that she did die of the illness from which she was suffering as the direct and proximate result of the original injury which the declaration tended to illustrate."

This is in harmony with the views expressed by this court in *State v. Baldwin*, 15 Wash. 15, 45 Pac. 650; *State v. Power*, 24 Wash. 34, 63 Pac. 1112; *State v. Mayo*, 42 Wash. 540, 85 Pac. 251. We are of the opinion that no error was committed by the trial court in receiving these declarations made by Annie Lewis.

Counsel for appellant complains that the learned trial court erred in refusing to give to the jury certain requested instructions cautioning the jury as to receiving and giving credence to dying declarations. While the instructions were not given in the language requested, other instructions of the same nature and equally, if not more, favorable to appellant than those requested of this nature were given by the court of its own motion. We are quite clear there was no error prejudicial to appellant's rights growing out of this action of the court.

One of the grounds for new trial urged by counsel for appellant is misconduct of the jury. This alleged misconduct, occurring out of the presence of the court, was necessary to be shown by affidavits or other evidence. No evidence touching this claimed error is embodied in the statement of facts, and hence there is nothing properly before us enabling us to pass upon the question of the jury's misconduct. We do not think the cause calls for further discussion. The record here convinces us that appellant has had a fair trial, free from prejudicial error.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.