[No. 13729.   Department One.   March 17, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. EARL WILMOT, *Appellant*.[1]

CRIMINAL LAW—PROSECUTION—"WITHDRAWAL"—DISMISSAL.   The "withdrawal" of a charge of grand larceny on the request of the accused in order to enter a plea of guilty of petit larceny, is not a dismissal of the prosecution where that would prevent judgment upon the plea of guilty.

SAME—PLEA OF GUILTY—LESSER INCLUDED OFFENSE.   Rem. Code, § 2168, providing that any person may be found guilty of an offense the commission of which is necessarily included within the crime charged, permits one accused of grand larceny to enter a plea of guilty to the offense of petit larceny.

SAME—PLEA OF GUILTY—WITHDRAWAL—DISCRETION.   The allowance of the withdrawal of a plea of guilty is largely discretionary and it is not an abuse of discretion to refuse the same where it appears that the accused acted upon the advice of his attorney and was not unduly influenced, and there was no intimation that he was innocent, his only complaint relating to the severity of the sentence.

SAME—HABITUAL CRIMINAL—IDENTITY — EVIDENCE — SUFFICIENCY.   A conviction of being an habitual criminal is sustained by certified copies of records of two prior convictions in another state under a different name, where two witnesses testified that accused had admitted his identity and that he had been convicted under that name in those courts and he was positively identified by one witness as the person named in one of the records and who had served a term in the penitentiary under the conviction.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR.   Error cannot be predicated upon the order of proof, in the absence of any showing of prejudice, the order of proof being discretionary with the trial court.

APPEAL—RECORD—STATEMENT OF FACTS — MISTAKE.   An inadvertent mistake in the statement of facts relating to the date of a conviction, is immaterial, where the record shows the correct date to have been as alleged in the information.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered December 31, 1916, upon a trial and conviction of being an habitual criminal.   Affirmed.

[1]Reported in 163 Pac. 742.

*Warren Hardy* (*H. M. Dalton*, of counsel), for appellant.

*Alfred H. Lundin, Frank P. Helsell*, and *Joseph A. Barto*, for respondent.

ELLIS, C. J.—On October 8, 1915, defendant was charged, by information in the superior court of King county, with grand larceny by the theft of a shotgun. He entered a plea of not guilty. On October 29, 1915, on his own request, he was permitted to change his plea to guilty of petit larceny. The minute entry of this incident is as follows:

"Defendant appears in open court in custody. The state appearing by W. F. Meier.

"By leave of the court the charge of grand larceny is withdrawn and the defendant allowed to plead guilty to the charge of petit larceny. Defendant enters plea of guilty to the crime of petit larceny. Sentence deferred."

On November 26, 1915, a supplemental information, charging him as an habitual criminal, was filed. He thereupon moved to withdraw his plea of guilty of petit larceny and enter a plea of not guilty to the original information. The motion was denied. To the supplemental information, he pleaded not guilty. He was tried, convicted and sentenced, and now prosecutes this appeal.

It is first contended that the court erred in allowing appellant to enter a plea of guilty of petit larceny. This contention is based upon the claim that the use of the word "withdrawn" in the minute entry above quoted made it a dismissal of all charges against appellant. The claim is not tenable. In the same sentence in which the word "withdrawn" is used, appellant was allowed to plead guilty to the inferior but included crime of petit larceny. Read in its entirety, the minute entry negatives any notion of dismissal.

Appellant also asserts that there is no authority in law for allowing a person charged with a higher grade of an offense to plead guilty to a lower grade of the same offense. The statute declares that a defendant "may be found guilty

of an offense the commission of which is necessarily included within that with which he is charged." Rem. Code, § 2168. *State v. Lewis,* 80 Wash. 532, 141 Pac. 1025; *State v. Copeland,* 66 Wash. 243, 119 Pac. 607. It follows as of course that he may be permitted to plead guilty to the included offense. *People v. Smith,* 28 N. Y. Supp. 912.

It is next contended that the court erred in refusing to permit appellant to withdraw his plea of guilty of petit larceny. Appellant cites and relies upon *State v. Cimini,* 53 Wash. 268, 101 Pac. 891. That case states what we still conceive to be the correct rule; namely, that the matter is discretionary with the trial court, and that the discretion should be liberally exercised, but that a refusal can only be reviewed for an abuse of discretion. True, it is there said that the permission should be granted "if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his acts, or was unduly and improperly influenced either by hope or fear," but nothing of that kind is presented in the record before us. There is no evidence that appellant was deceived or lured by any promise of clemency. It is fairly inferable from the record that he acted upon the advice of his attorney, who, with an assistant prosecuting attorney, took the shotgun to several gun dealers and secured their opinions as to its value, with the result that the prosecutor concluded that the evidence would probably justify a conviction for petit larceny only, and, for that reason alone, he offered no objection to appellant's plea of guilty of that offense. Under the rule announced in *State v. Cimini, supra,* we are clear that the record here presents no abuse of discretion in the refusal of permission to withdraw the plea. Even now it is not intimated that appellant is innocent of the theft of the gun. His sole complaint seems to be that had he anticipated the severity of the consequent punishment, he would not have pleaded guilty. This is wholly insufficient to require permission to withdraw the plea. *Mastronada v. State,* 60 Miss. 86.

Finally, it is contended that the court erred in admitting certified copies of records of prior convictions of appellant in the district courts of Olmstead and Winona counties, Minnesota, as evidence of two of the prior convictions charged in the supplemental information. This claim is based mainly upon the ground that, at the time of the admission of these records, there was no evidence that the person referred to therein as convicted was the same person as the appellant. This is true, but two witnesses subsequently testified that appellant had admitted to each of them that he was the same person who had been convicted of the crimes charged, and in the same courts as recited in the records in question. He was also positively identified by one witness as the person named in one of the records as convicted of the crime of burglary and incarcerated in the Minnesota penitentiary under the name of George Campbell. This evidence was wholly uncontradicted. It was competent and clearly established the identity. *State v. Miller*, 80 Wash. 75, 141 Pac. 293. In its ultimate, therefore, appellant's criticism amounts to no more than an objection to the order of proof. It is elementary that the order of proof is a matter resting largely in the discretion of the trial court. That discretion will not be reviewed in the absence of some showing of prejudice. Here no prejudice has either been shown or suggested.

It is further urged that one of these records was inadmissible because it shows that appellant was convicted of petit larceny in Olmstead county, Minnesota, on October 9, 1909, while the information charged that he was convicted of that crime in that county and state on December 10, 1909. While it is true that the record of that conviction is referred to in the statement of facts as being the record of a conviction on October 9, 1909, the certified copy of the record itself shows a conviction on December 10, 1909, the exact date alleged in the information. The record, of course, speaks for itself and is controlling. The mistaken reference was palpably an inadvertence.

Some of the instructions are criticised, but what we have said makes it unnecessary to consider them in detail. We have, however, examined them with care. They state the law as applied to the evidence. We are convinced that appellant has had a fair trial.

The judgment is affirmed.

CHADWICK, MORRIS, MAIN, and WEBSTER, JJ., concur.