[Crim. No. 2481. Second Appellate District, Division Two.—May 23, 1934.]

THE PEOPLE, Respondent, v. JACK PIVAROFF, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was charged by an amended information filed November 2, 1933, in count I with the murder of his child, Geraldine Pivaroff, and in count II with assault with a deadly weapon with intent to commit murder on his wife, Sarah Pivaroff. The jury found him guilty as to count I with recommendation of life imprisonment, and guilty as to count II. From judgments of conviction entered on said verdict and from the order denying his motion for a new trial, defendant appeals.

In the early morning of September 5, 1933, defendant left the house where he resided with his wife and two year old child, driving away on his truck, which he used in making delivery of bottled water to his customers. Around noon he returned home and drove the truck into his garage. He had been drinking. He insisted that his wife join him in drinking some beer and then had her lie down on the bed with him. There was some quarreling and mutual recrimination. Defendant finally grabbed his wife, but she broke away and ran out of the house, taking the child with her. He then seized a double-barreled shotgun and fired both shots at them, wounding the wife and killing the child. While neighbors were assisting the victims defendant went to his garage,

backed out his machine and had gone several blocks when he was overtaken and arrested.

Appellant contends that the court erred in permitting the defendant to be cross-examined as to previous conduct toward his wife. On direct examination he testified that he had a habit of kissing his wife and baby every morning when he left, that he had done so on this morning and that he was not "mad" at his wife. On cross-examination he was asked if he had not beaten her three and a half weeks previous to the shooting, to which he replied: "Well, we got in an argument once and I did not beat her. I just swung at her once and accidentally caught her in the eye." Defendant was then asked if he had not pointed a loaded gun at his wife and he replied: "I pointed a gun but it was not loaded." The conduct of defendant toward his wife was properly admissible as tending to show the state of his feelings toward her, his treatment of her and in some degree to show a motive for taking her life. (*People* v. *Kern,* 61 Cal. 244; *People* v. *Chaves,* 122 Cal. 134 [54 Pac. 596].)

Appellant further contends that the trial court should have granted his motion for a new trial or reduced the verdict to manslaughter, on the ground that the evidence does not support a verdict finding him guilty of first degree murder in that he was too drunk to know what he was doing and evidence of malice was lacking. It is not disputed that defendant had been drinking on the day of the shooting. When he arrived home, however, he was able to drive his truck into the garage. After the shooting he carefully backed down the driveway, stopped on the sidewalk to let a bus go by and proceeded down the street until overtaken by officers. When the latter stopped him he said: "Well, you got me," and at the sheriff's substation a few minutes later he told them he intended to kill his wife with the two shells he had in the gun and then to kill himself, but that he got excited, ran out of the door and drove away. He later related the story of a quarrel which had lasted several days up to the time of the shooting and culminated just before the tragedy in his attempt to grab his wife and her breaking away and running out of the house, whereupon defendant seized the shotgun and fired the fatal shots. Defendant stated that he intended to kill his wife but did not intend to kill the baby.

The killing is murder of the first degree if the act is preceded by and is the result of a concurrence of the will, deliberation and premeditation on the part of the slayer, no matter how rapidly these acts of the mind may succeed each other or how quickly they may be followed by the act of killing. (*People* v. *Maughs*, 149 Cal. 263 [86 Pac. 187]; *People* v. *Fowler*, 178 Cal. 657 [174 Pac. 892].) The evidence is sufficient to support the verdict of murder in the first degree under the rule just stated, and the jury having determined the facts by their verdict and the trial court having approved the verdict by its denial of the motion for a new trial, that determination will not be disturbed on appeal. (*People* v. *Tom Woo*, 181 Cal. 315 [184 Pac. 389].) The fact that defendant's shots actually killed the child instead of the wife does not alter the case. Where a person purposely and of his deliberate and premeditated malice attempts to kill one person but by mistake or inadvertence kills another instead, the law transfers the felonious intent from the object of his assault and the homicide so committed is murder in the first degree. (*People* v. *Suesser*, 142 Cal. 354 [75 Pac. 1093].)

Judgment and order affirmed.

Stephens, P. J., and Desmond, J., concurred.