## STATE v. JOHN HORNE.

(Filed 18 March, 1936.)

1. **Homicide G d: Criminal Law G i—Nonexpert may testify from observation as to sanity or insanity of defendant.**

   Nonexpert witnesses are competent to testify from their observation of defendant that defendant was sound mentally, and where defendant in a homicide prosecution contends that he was mentally incapable of premeditation and deliberation, such testimony is properly admitted for the consideration of the jury upon the question.

2. **Homicide G d—Evidence of previous threats made by defendant held competent on question of premeditation and deliberation.**

   The State's evidence tended to show that defendant and his wife had become separated because of defendant's mistreatment of her, that defendant was greatly upset by the separation, and sought to get his wife to return to him, and that after her refusal to return to him, he went to the place where she was working, made an unprovoked attack upon her, cutting her throat and causing her death. *Held:* Evidence that some four weeks before the homicide, and prior to their separation, defendant ran after his wife and threatened to cut her with a knife, is competent as tending to show a circumstance which the jury could properly consider on the question of premeditation and deliberation.

3. **Constitutional Law F a—**

   The court's remarks to the jury in instructing them that defendant was within his rights in not testifying, and that his failure to testify should not be considered against him, are held without error upon defendant's exception. C. S., 1799.

APPEAL by defendant from *Harris, J.,* at September Term, 1935, of CHOWAN. No error.

The defendant John Horne was tried at the September Term, 1935, of the Superior Court of Chowan County on his plea of not guilty to an indictment charging him with the murder, on 14 August, 1935, in Chowan County, of his wife Nellie Horne. He was convicted of murder in the first degree.

From judgment that he suffer death by means of asphyxiation as prescribed by statute (chapter 294, Public Laws of North Carolina, 1935), the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*W. D. Pruden for defendant.*

CONNOR, J. On his appeal to this Court, the defendant contends that there were errors in the trial of this action in the Superior Court which

entitle him to a new trial. He contends that there was error in the admission of evidence offered by the State, and in instructions of the court to the jury. These contentions cannot be sustained.

For some time prior to 14 August, 1935, the defendant and his wife were living separate and apart from each other. She was living with her parents at Edenton, N. C. His efforts to induce her to return to his home had been futile. Evidence offered by the State tended to show that the separation was caused by defendant's mistreatment of his wife. He insisted that her refusal to return to his home, and to resume marital relations with him, was the result of the influence of her parents upon her. From time to time he expressed his resentment of this situation.

Some time between 7 and 8 o'clock on the morning of 14 August, 1935, the defendant went into Edenton Cotton Mill, where he knew his wife was at work as an employee of the mill. After talking to her for a few minutes, without provocation he assaulted and killed her by cutting her throat with a razor. She died almost immediately after receiving the fatal wounds. After cutting his wife's throat, the defendant inflicted wounds on his own person, with suicidal intent. Evidence offered by the State tended to show that the homicide was murder in the first degree, the murder having been committed by the defendant, after premeditation and deliberation. See C. S., 4200. The defendant offered no evidence. He relied upon his contention that at the time of the homicide, he was incapable of premeditation and deliberation because of his mental condition, and that at most he was guilty of murder in the second degree only.

The evidence offered by the State, and admitted by the court over objections by the defendant and subject to his exceptions, tending to show that at the time of the homicide the defendant was of sound mind, and fully capable of premeditation and deliberation, was competent for that purpose. It is well settled as the law of this State that "any witness who has had opportunity of knowing and observing the character of a person whose sanity or mental capacity is assailed, or brought in question, may not only depose to the facts he knows, but may also give in evidence his opinion or belief as to the sanity or insanity of the person under review, founded upon such knowledge and observation, and it is for the jurors to ascribe to his testimony that weight and credibility which the intelligence of the witness, his means of knowledge and observation, and all the circumstances attending his testimony may in their judgment deserve." *S. v. Keaton,* 205 N. C., 607, 170 S. E., 27.

The evidence offered by the State, and admitted by the court over objections by the defendant and subject to his exceptions, tending to show that about four weeks before the homicide, and before she had left his home, the defendant on one occasion ran after his wife and threat-

ened to cut her with a knife, was competent as tending to show a circumstance which the jury could properly consider as tending to show that the homicide was committed by the defendant after premeditation and deliberation, as contended by the State. *S. v. Foster,* 130 N. C., 666, 41 S. E., 284.

In his charge, the judge instructed the jury as follows:

"Now, gentlemen of the jury, the defendant did not see fit to offer any evidence. I charge you that he was within his rights in so doing. The law does not require the defendant to go on the stand as a witness. He has a right to sit mute and say nothing.

"Some people on the street say that if a defendant is not guilty, he will prove it, and will go on the stand for that purpose, but the law does not say so, and I charge you that you are not to consider the fact that the defendant did not go on the stand as a witness as any evidence of his guilt. The law says that he cannot be forced to go on the stand, and I so charge you."

We find no error in this instruction of which the defendant can complain. C. S., 1799.

As the trial of the action in the Superior Court is free from error prejudicial to the defendant, the judgment must be and is affirmed.

No error.