STATE v. JESSIE BELL KILGORE.

(Filed 7 June, 1957.)

**Criminal Law § 6a—**

> The defense of entrapment is not presented upon evidence tending to show merely than an officer of the law, not in uniform and not informing defendant that he was an officer, purchased intoxicating liquor from defendant for the purpose of obtaining evidence.

APPEAL by defendant from *Williams, J.,* December 1956 Special Term of ROBESON.

Defendant was tried on two bills of indictment, each of which contained two counts.　The first bill charged possession for the purpose of sale of intoxicating liquor and the sale of intoxicating liquor on 20 September 1956.　The second bill contained similar charges with respect to possession and sale on 4 October 1956.　The jury found defendant guilty on each count in the first bill and not guilty of the charges in the second bill.

The only evidence offered was the testimony of James E. King and two bottles of beer which he testified he purchased from defendant. King, an employee of the Alcohol & Tobacco Tax Division of the U. S.

Treasury Department, testified he, in company with another person, went to the home of defendant on 20 September 1956 and knocked on her door. She came to the door and asked what they wanted. The witness replied "some beer." She unlocked the door and led them to her kitchen where she sold him two quarts of Miller's High Life beer for two dollars which she put in a paper sack and he carried away with him. The witness was not in uniform nor did he have any badge on when he went to defendant's home. He did not inform the defendant that he was an officer, or that he was seeking evidence to convict defendant.

Judgment of imprisonment for eight months was entered on the verdict. Defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Britt, Campbell & Britt for defendant appellant.*

PER CURIAM. Defendant claims entrapment as her defense. There is no evidence of entrapment. *S. v. Burnette,* 242 N.C. 164, 87 S.E. 2d 191. No defense can, on this record, be predicated thereon. Hence, if error exists in the charge with respect to defendant's claim of entrapment, the asserted error is not prejudicial.

The charge with respect to the failure of the defendant to testify substantially conforms to the statute. *S. v. Horne,* 209 N.C. 725, 184 S.E. 470.

No error.