STATE OF NORTH CAROLINA v. PAUL PAYNE

No. 95

(Filed 15 December 1971)

1. **Criminal Law § 87— leading questions to nine-year-old assault victim**
       The trial court did not abuse its discretion in allowing the solicitor to ask leading questions of the nine-year-old victim of an assault with intent to commit rape.

2. **Criminal Law § 101; Trial § 13— denial of motion to have jury view crime scene**
       In a prosecution for assault with intent to commit rape, the trial court did not abuse its discretion in the denial of defendant's motion that the jury be directed to view the trailer where the assault allegedly occurred.

3. **Criminal Law §§ 102, 170— solicitor's improper remarks in jury argument — admonition by court**
       In this prosecution for assault with intent to commit rape, defendant was not prejudiced by the solicitor's improper argument to the jury where the court, upon objection by defense counsel, admonished the solicitor to "stay away from this sort of thing" and to "argue the facts of the case and the law."

State v. Payne

**4. Rape § 18— assault with intent to rape — lesser included offense**

In this prosecution for assault with intent to commit rape, there was no evidence which would support instructions on a lesser included offense.

APPEAL by defendant from *Collier, J.,* March 1971 Session, RANDOLPH Superior Court, transferred here for original appellate review under our order of July 31, 1970.

The defendant was indicted for the crime of assault on Glenda Lavon Fore with intent to commit rape.

The State's witness, Glenda Lavon Fore, age nine years, testified that in September, 1970, after school she went down to the playground near her home. From there, at the direction of Paul Greeson, she went to a trailer nearby. The defendant, Paul Payne, was there also. "Paul Greeson pulled my clothes down when I went into the trailer." She testified that both boys attempted to have intercourse with her. "I was frightened and scared. I tried to get up. They held me down. I couldn't fight them off. They were stronger than I was. I pushed at them to try to get them off but I couldn't."

At this juncture the defense counsel objected to the solicitor's somewhat leading questions. The court directed the solicitor to proceed. Glenda Lavon Fore left the trailer and told her grandmother, describing what the boys had done. The grandmother testified her granddaughter was crying when she came from the trailer. An examination disclosed her hip was red and her vagina was red. A neighbor saw Glenda as she was on her way home from the trailer. She was crying.

The defendant and Paul Greeson both testified as witnesses for the defense. Both told essentially the same story. They said Glenda went with them to Payne's tree house. She left and told them she was going to the trailer parked nearby. When she didn't come out, they immediately went to the trailer to see what had happened to her. Greeson testified that when they entered the trailer " . . . I saw her (Glenda) on the top bunk, and her pants and underpants were pulled down just below her knees. . . . (S)he said, 'Get on top of me.' Paul (Payne) said for her to get out, . . . we didn't want to get in trouble so we left after that." Each of the boys weighed 155 to 160 pounds. Paul Payne, the defendant, was 16 years old

three days after this occurrence. He testified that when they entered the trailer Glenda said, "Get on me. If you don't, I'll tell my mother." Both boys testified Glenda was not crying when she left the trailer.

A number of neighbors testified to the good character of both Greeson and Payne. Defense counsel made a motion that the jury be directed to view the trailer. The court overruled the motion.

During the argument, defense counsel interrupted the solicitor and objected to his argument. After some discussion, the court in the presence of the jury gave this admonition: "Let's try to stay away from this sort of thing. Let's argue the facts of the case and the law." The defense counsel then requested the court to direct the reporter to take down the solicitor's argument. The court denied the motion. At the conclusion of the charge, the jury after deliberating only ten minutes returned its verdict finding the defendant guilty as charged.

After an extensive hearing on the question of punishment, the court entered this judgment:

"It is ADJUDGED that the defendant be imprisoned for the term of five (5) years in the custody of the Commissioner of Corrections in a Youthful Offender's Camp.

The execution of this sentence is suspended, however, for five (5) years upon compliance with the following conditions, to which the defendant gave assent: the usual terms of probation; pay the costs in the amount of $71.08; remain either a full time student or gainfully employed at all times; not violate any laws of State or the Federal government."

The defendant noted exceptions and gave notice of appeal.

*Robert Morgan, Attorney General by Thomas B. Wood, Assistant Attorney General for the State.*

*Ottway Burton for defendant appellant.*

HIGGINS, Justice.

[1] The victim of the alleged assault was 9 years of age. The defendant was 15 years, 11 months and 27 days of age. He

weighed 155 to 160 pounds. Because of the tender age of the victim and the nature of the charge, the court had discretionary authority, and exercised it properly, to permit the solicitor to ask leading questions. *State v. Clanton*, 278 N.C. 502, 180 S.E. 2d 5; *State v. Pearson*, 258 N.C. 188, 128 S.E. 2d 251.

[2] Likewise it was in the discretion of the court to determine whether to order the jury to visit and view the trailer where the assault occurred. The description of the trailer came entirely from the defendant. There was no conflict in the evidence regarding its structure or contents. The court acted well within its discretion in denying the motion for the jury's inspection. *State v. Ross*, 273 N.C. 498, 160 S.E. 2d 465.

[3] The record indicates defense counsel and the solicitor were somewhat less than well restrained in their arguments. When defense counsel challenged the solicitor, the court admonished the solicitor, "Let's try to stay away from this sort of thing. Let's argue the facts of the case and the law." The court overruled the defendant's motion for a mistrial on account of the solicitor's argument.

The law takes a sensible view of jury arguments realizing that in hotly contested cases counsel sometimes approach the out of bounds line. But the judge is on the field and is in a favored position to call the play and to determine whether the debate is within permissible bounds. Except in extreme cases, the appellate court will not intervene. No cause whatever for intervention appears in this record. *State v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424; *State v. Phillips*, 262 N.C. 723, 138 S.E. 2d 626; *State v. Dickens*, 278 N.C. 537, 180 S.E. 2d 844.

[4] The State's evidence is stated in skeleton form only to the end the record may be kept as unsoiled as possible. The evidence in its entirety makes out a strong case of assault with intent to commit rape. The defendant's evidence, as well as that of his associate, depicts total innocence. The jury resolved the conflict in ten minutes. There was no evidence to support a lesser included offense. *State v. Allen*, 279 N.C. 115, 181 S.E. 2d 453; *State v. Jones*, 249 N.C. 134, 105 S.E. 2d 513.

The defendant's objection to the judgment is not well advised. The penalty exacted is a payment of $71.08 costs, remain-

ing a student or gainfully employed for five years, and obeying state and federal laws.

In the trial, verdict and judgment there is

No error.