STATE OF NORTH CAROLINA v. WILLIAM FRANKLIN BAXLEY

No. 7216SC548

(Filed 2 August 1972)

1. Criminal Law §§ 23, 140— validity of guilty plea — concurrent prison sentences — harmless error

Where a sentence of six months was imposed upon defendant's plea of guilty to operating a motor vehicle upon the public highways of the State without having a valid operator's license, such sentence to run concurrently with a sentence imposed in a prosecution for unlawfully taking a truck, the failure of the trial judge to find that the plea of guilty was freely, understandingly and voluntarily entered *is held* to be harmless error.

**2. Criminal Law § 169— admission of evidence over objection — similar evidence admitted without objection**

> Error, if any, in the admission of testimony by an arresting officer as to defendant's conduct and statements at the time of his arrest was cured when a second arresting officer was permitted to give similar testimony without objection.

APPEAL by defendant from *Hobgood, Judge,* 4 January 1972 Session of Superior Court held in ROBESON County.

In case No. 71CR12495, the defendant was charged in a warrant, proper in form, with the unlawful taking of a 1964 two-ton truck, in violation of G.S. 20-105. In case No. 71CR12559, the defendant was charged in a warrant, proper in form, with operating a motor vehicle on the public highways without a valid operator's license, in violation of G.S. 20-7. From a verdict of guilty in the district court and the judgment entered therein, the defendant appealed to the superior court where his trial was de novo.

In superior court the defendant pleaded guilty to the count charged in the warrant in case No. 71CR12559 of "unlawfully and willfully operating and driving a motor vehicle upon the public highways of North Carolina without having a valid operator's license." To the charge in case No. 71CR12495, the defendant pleaded not guilty and was tried by a jury. From a verdict of guilty as charged and the judgment imposed in case No. 71CR12495, and the judgment imposed in case No. 71CR12559, the defendant appealed to the Court of Appeals, assigning error.

*Attorney General Morgan, Deputy Attorney General Benoy and Associate Attorney Silverstein for the State.*

*Johnson, Hedgpeth, Biggs & Campbell by Fred A. Rogers III for defendant appellant.*

MALLARD, Chief Judge.

It appears from the record that there was another charge against this defendant, one of resisting arrest (in case No. 71CR12496) and that he was found guilty. However, the warrant upon which he apparently was tried does not appear in the record, and the trial judge continued the prayer for judgment on that charge indefinitely. The record is therefore insufficient for this court to review the charge of resisting arrest

in case No. 71CR12496, and the purported appeal as to that count is dismissed.

[1]   In case No. 71CR12559, the defendant entered a plea of guilty to operating a motor vehicle upon the public highways of this State without having a valid operator's license. The record does not reveal that this plea of guilty was freely, understandingly and voluntarily made by the defendant; therefore, the record as to the plea is defective. It is noted, however, that the defendant does not contend that the plea was not properly entered, and inasmuch as the sentence of six months imposed therein is to run concurrently with the sentence imposed in case No. 71CR12495, the failure of the trial judge to find that the plea of guilty was freely, understandingly and voluntarily entered is held to be harmless error.

[2]   In case No. 71CR12495, the defendant's only assignment of error brought forward and argued in his brief is that the trial judge committed error in the admission of part of the testimony of State's witness W. C. Murchison. The testimony defendant argues was objectionable was that describing the defendant's conduct and the statements made by him at the time of his alleged arrest without a warrant for a misdemeanor not committed in the presence of Murchison. The State contends, however, that the testimony of Murchison as to the defendant's conduct and statements at the time of arrest was not prejudicial and cites in support of its contention the case of *State v. Temple,* 269 N.C. 57, 152 S.E. 2d 206 (1967).

It is established law in North Carolina that an arrest without a warrant for a misdemeanor except as authorized by statute is illegal. The question presented in this case is whether the testimony of the witness Murchison as to the conduct and statements made by the defendant during the alleged unlawful arrest were prejudicial. The State's evidence tended to show that at the time of the arrest, there were two officers present, to wit: Officer Murchison, a police officer of the Town of Red Springs, and Frank Fullmore, a deputy sheriff of Robeson County.

The question was asked Murchison while he was being examined as a State's witness: "What, if anything did you say to Mr. Baxley?" Upon defendant's objection to this question, the jury was sent out, Murchison was questioned by counsel for

the defendant and the court, and Murchison stated that he did not have a warrant on his person for the arrest of the defendant. In the absence of the jury, the court denied the following motion of the defendant:

"MOTION BY DEFENDANT TO SUPPRESS THE EVIDENCE of Officer Murchison leading up to and including testimony of the officer pertaining to the arrest of the defendant and in the pursuing (sic) conduct on the part of the officer, which would have provided a basis for the resisting arrest charge on the grounds that the Officer did not have in his possession any warrant for the arrest of the defendant of any alleged misconduct on the part of defendant; and no misdemeanor was committed in the presence of the Officer, which would have given him the right to arrest."

Thereafter, in the presence of the jury and without further objection, Murchison testified as to what the defendant said and did on this occasion after " . . . Mr. Fullmore stated to Baxley that we had a warrant for him and he was under arrest. He was told that the warrant was for assault on Mr. Sanders."

Mr. Fullmore testified that he was with Murchison on this occasion and, "(w)hen we approached the truck, Mr. Murchison stated he had a warrant for him and told him he was under arrest." Then, without objection, Mr. Fullmore described the defendant's conduct and repeated what the defendant said at the time of his arrest. Even if we assume that neither of the officers had a warrant, that the arrest was illegal, that proper objection was made to the testimony of Murchison, and that that part of his testimony complained of was prejudicial, which we do not, the error, if any, in its admission was cured when Deputy Sheriff Fullmore was permitted to testify, without objection, as to the conduct and statements made by the defendant at the time of his arrest. See *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971) and *State v. Winford,* 279 N.C. 58, 181 S.E. 2d 423 (1971). In addition, we think there is merit in the contention of the State that the error in the admission of Murchison's testimony, if any, was not prejudicial.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.