State v. McLawhorn

———

STATE OF NORTH CAROLINA v. HERMAN RUSSELL McLAWHORN

No. 7218SC618

(Filed 20 September 1972)

1. Constitutional Law § 30— speedy trial — four month delay between offense and arrest

In a prosecution for possessing, selling and transporting cocaine, defendant could not complain of an unreasonable and prejudicial delay where only four months elapsed between the commission of the offenses and the issuance of arrest warrants.

2. Criminal Law § 113— jury charge on entrapment — no error

Where it was doubtful that defendant was entitled to jury instructions on the question of entrapment, the trial court did not err in its jury charge where it fully submitted the legal principles with respect to entrapment and related the law to any possible contention as to entrapment raised by defendant.

3. **Constitutional Law § 31— confidential informer — necessity of disclosing identity**

   The trial court did not err in refusing to require the State's witness to reveal the identity, whereabouts and present status of the confidential informer with whom an alleged sale of cocaine was actually negotiated and to whom the delivery was actually made where defendant failed to make a sufficient showing that the ends of justice required such disclosure.

4. **Criminal Law § 107— no fatal variance**

   There was no fatal variance between the charge and the proof where the evidence was sufficient to support jury finding that defendant sold cocaine to police officer S. Daughtry as alleged in the indictment.

APPEAL by defendant from *Seay, Judge,* 10 April 1972 Session of GUILFORD Superior Court.

By indictments proper in form, defendant was charged with (1) possessing, (2) selling, and (3) transporting in an automobile the narcotic drug cocaine. The jury found defendant guilty as charged, the counts were consolidated for purpose of judgment and from judgment imposing a five years prison sentence, defendant appealed.

*Attorney General Robert Morgan by (Miss) Ann Reed, Associate Attorney, and Locke T. Clifford, Assistant Solicitor Eighteenth District, for the State.*

*Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the denial of his motions to dismiss all charges "based upon violations of his constitutional right to a speedy arrest and trial." The alleged offenses occurred on 7 August 1971, arrest warrants were issued and executed on 11 December 1971, indictments were returned at the 28 February 1972 Criminal Session of the court and trial was had at the 10 April 1972 session.

In support of this assignment of error defendant relies on *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969) wherein the court said at page 277: "We here hold that when there has been an atypical delay in issuing a warrant or in securing an indictment and the defendant shows (1) that the prosecution deliberately and unnecessarily caused the delay for the conveni-

ence or supposed advantage of the State; and (2) that the length of the delay created a reasonable possibility of prejudice, defendant has been denied his right to a speedy trial and the prosecution must be dismissed."

We do not think the instant case is controlled by *Johnson* where there was a four years delay (as opposed to four months in this case) in securing an indictment and where the delay was the "purposeful choice of the prosecution, and it created the reasonable possibility that prejudice resulted to defendant." We think this case is similar to our case of *State v. Farris*, 13 N.C. App. 143, 185 S.E. 2d 275 (1971), cert. den., 280 N.C. 302, and apply here, by reference, the reasoning set forth in *Farris*. The assignment of error is overruled.

[2]   Defendant assigns as error the failure of the trial court in its charge to the jury to declare and explain the law arising on substantial features of the case, and to relate the law to the contentions of defendant. In his brief defendant states that his primary contention was his defense of entrapment. Defendant did not testify and offered no evidence but attempted to assert his defense of entrapment by voir dire examination of a police detective and cross-examination of witnesses for the State.

It is doubtful that defendant was entitled to jury instructions on the question of entrapment. See *State v. Kilgore*, 246 N.C. 455, 98 S.E. 2d 346 (1957). Assuming, arguendo, that he was, we think the trial judge fully submitted the legal principles with respect to entrapment as set forth in *State v. Burnette*, 242 N.C. 164, 87 S.E. 2d 191 (1955) and related the law to any possible contention as to entrapment raised by defendant. We perceive no prejudice to defendant, therefore, the assignment of error is overruled.

[3]   In his next assignment of error defendant contends that the court erred "in refusing to require the State's witness to reveal the identity, whereabouts and present status of the confidential informer with whom the alleged sale was actually negotiated, and to whom the delivery was actually made." In support of this contention defendant relies on *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957). We think the cases are clearly distinguishable. In *Roviaro* defendant was charged with illegal transportation of heroin and selling heroin to one "John Doe" (the informer). A police officer was concealed in the trunk of Doe's car and testified to a

conversation between Doe and defendant. A second officer followed Doe's car in another car and testified as to what he saw transpire between defendant and Doe. In the instant case, defendant was charged with selling a narcotic drug to S. Daughtry, a police officer, who gave direct testimony regarding the alleged sale to him as well as the alleged possession and transportation.

The Supreme Court of North Carolina appears to hold consistently that the State is allowed the privilege of nondisclosure unless the defendant makes a sufficient showing that the ends of justice require disclosure. *State v. Swaney*, 277 N.C. 602, 178 S.E. 2d 399 (1971); *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53 (1969) and *State v. Boles*, 246 N.C. 83, 97 S.E. 2d 476 (1957). In *Roviaro, supra*, page 646, the U. S. Supreme Court said: "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

We hold that defendant in the instant case did not make a sufficient showing that the ends of justice required disclosure of the identity, whereabout and present status of the informer. The assignment of error is overruled.

[4] Finally, defendant contends that the record discloses a fatal variance between the charge of sale to a police officer and evidence of sale to a confidential informer. The contention is without merit. The evidence was sufficient to support a jury finding that defendant sold cocaine to police officer S. Daughtry as alleged in the indictment.

For the reasons stated, we find

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.