STATE OF NORTH CAROLINA v. WILLIAM THOMAS McGHEE

No. 725SC614

(Filed 20 December 1972)

1. **Criminal Law § 169— improper hypothetical question — similar testimony admitted without objection — no prejudice**

   Though a hypothetical question put to an expert witness by the solicitor was ineptly framed in that it omitted any reference to whether the jury "should find from the evidence" or "find the facts to be from the evidence," error, if any, committed by allowing the question and answer into evidence was not prejudicial in view of the fact that a previous question, eliciting almost the same response from the expert witness, was admitted without objection.

2. **Criminal Law § 101— homicide scene — jury view — no error**

   The trial court in a murder case did not abuse its discretion in denying defendant's motion for a jury view of the scene of the homicide.

**3. Criminal Law § 130— misconduct of defendant — denial of motion for mistrial — no error**

    The trial court did not abuse its discretion in refusing to declare a mistrial on defendant's motion therefor after defendant, instead of answering a question asked him by his counsel, made unsolicited statements concerning his desire for a new trial.

APPEAL by defendant from *James, Judge,* 6 March 1972 Session of Superior Court held in NEW HANOVER County for the trial of criminal cases.

Defendant was charged in a bill of indictment, proper in form, with the premeditated and deliberate murder of Daniel James Joye on 4 October 1971. Defendant pleaded not guilty. At the trial of the cause, the State introduced evidence tending to show that the deceased and his wife operated a small grocery store at 219 Castle Street, Wilmington, North Carolina, and that Mr. and Mrs. Joye lived in the adjacent house at 217 Castle Street. On 4 October 1971, the Joyes closed their store at about 7:00 p.m., ate supper, and went to the front porch of their house and sat down to rest. The front of the Joye house was well-lighted at night. The front porch faced Castle Street and there were no obstructions between the house and the street. The deceased owned a .38 caliber pistol which he kept on top of the television set in the living room of his house at night. The living room adjoins the front porch. On the evening of 4 October 1971, the deceased's pistol was located on top of the television set and the deceased did not have the pistol with him on the porch.

At about 8:55 p.m. on that same day, the defendant, William Thomas McGhee, drove up in front of the Joye house in his car and looked at the Joyes, but no words were spoken by any party. Shortly after 9:00 p.m., the defendant walked down the opposite side of Castle Street toward the Joye house carrying a rifle. The defendant stopped at a utility pole across the street from the Joye house and said, "Mr. Joye." Then the defendant fired one shot which struck Mr. Joye in his left side, killing him.

The State's evidence also tended to show that on 4 October 1971 Officer J. F. Newber of the Wilmington Police Department was on duty as the desk officer at the police station. At about 9:40 p.m. on that same day, the defendant entered the police station and told Officer Newber that he had shot Mr. Joye in the 200 block of Castle Street. Thereafter, defendant

showed police officers his rifle lying on the back seat of his car. Sergeant Bloomer of the Wilmington Police Department went to the Joye house at about 9:45 p.m. on 4 October 1971. Sergeant Bloomer inspected the living room of the Joye house where he located a .38 caliber revolver on top of the television set. Sergeant Bloomer testified that based on the fact that the pistol "smelled" clean and freshly oiled and that there was no spent shell in the cylinder, in his opinion the revolver had not been recently fired.

Dr. Henry Singletary testified that he had conducted an autopsy on the body of the deceased; that in his opinion the deceased died of a gunshot wound in the abdomen; and that the same gunshot had shattered the deceased's elbow joint before entering his body through the abdomen.

The State also introduced evidence tending to show that an empty cartridge of the same caliber as the rifle in defendant's possession was found next to a telephone pole, approximately 70 feet across the street from where the deceased's body was located; that the defendant's rifle was a British Enfield model, .303 caliber; and that when the defendant gave up the weapon to the police officers, there was one live round in the chamber and eight live rounds in the clip found in the weapon.

The defendant introduced evidence tending to show that the deceased did not like Negroes; that the deceased had been observed carrying a gun when checking over his car after another car had bumped into his; that the deceased had threatened children in the neighborhood and that the police department had received complaints concerning the deceased's language and conduct; and that approximately three weeks before the shooting at issue, the defendant had talked with police officers about threats of bodily harm to the defendant's children made by the deceased.

The defendant testified in his own behalf that on 4 October 1971, he left his home about 8:30 p.m. to get some food; that he stopped opposite deceased's home while waiting for a red light to change.; that the deceased had a pistol in his hand on the front porch and that the deceased pointed the pistol at the defendant and said, "Nigger, I'm going to kill you"; that the defendant purchased the food, then returned home, got his rifle from the closet, put a clip in it, and walked up toward the deceased's house; that the deceased cursed the defendant and said,

"Nigger, you get on back to the house"; that the deceased fired his pistol at the defendant; that the defendant fired back at the deceased in self-defense; that after the shooting was over a neighbor of Mr. Joye's placed the pistol back in the house; and that prior to this occasion defendant had had several minor arguments with the Joyes.

At the close of all the evidence, the defendant made a motion for judgment as of nonsuit. Motion was denied. The jury returned a verdict of guilty of second degree murder. The defendant made a motion to set aside the verdict for errors committed during the trial. Motion was denied. The defendant made a motion for a new trial. Motion was denied. Judgment was entered upon the verdict that defendant be imprisoned for not less than 28 nor more than 30 years. Defendant appealed, assigning error.

*Attorney General Morgan and Staff Attorney Davis for the State.*

*Charles E. Rice III and Jeffrey T. Myles for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant assigns as error the form of a hypothetical question asked by the solicitor of the State's expert witness, Dr. Henry Singletary. The question reads as follows:

"Q. Doctor, the question that I presented to you hypothetically and which has been brought out in testimony in this case is that the subject, assuming hypothetically that the subject is seated on his front porch, and assume further that the subject having the rifle and shooting the rifle sat at an angle to that subject on the front porch standing on the street—porch is elevated. Can you tell me, sir, on the basis of your testimony, can you tell me, sir, on the basis of the impact whether or not that is probably within reasonable certainty the direction from which the bullet came and whether or not probably that is the manner in which the damage to his elbow occurred."

We agree with the defendant that this hypothetical question was ineptly framed in that it omitted any reference to whether the jury "should find from the evidence" or "find the facts to be from the evidence." *Dempster v. Fite,* 203 N.C. 697,

167 S.E. 33 (1932) ; Stansbury, N. C. Evidence 2d, § 137. However, we are of the opinion that the error, if any, committed by allowing the question and answer into evidence was not prejudicial in view of the fact that a previous question, eliciting almost the same response from the expert witness, was admitted without objection. An exception is waived when other evidence of the same import is admitted without objection. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *Price v. Gray,* 246 N.C. 162, 97 S.E. 2d 844 (1957) ; *State v. Baxley,* 15 N.C. App. 544, 190 S.E. 2d 401 (1972). This assignment of error is overruled.

Defendant assigned as error the admission in evidence, over objection, of Wilmington City Ordinance 15-120, prohibiting persons from riding bicycles upon the sidewalks of the City of Wilmington. The defendant contended that some of the difficulties between him and the deceased arose when the deceased accused his, the defendant's, children of riding bicycles on the sidewalk in front of deceased's store. This assignment of error is overruled.

[2] Defendant assigns as error the court's denial of the defendant's motion for a jury view of the scene of the homicide at the close of the State's evidence. Whether or not a jury view should be granted is discretionary with the trial court and will be reviewed on appeal only for an abuse of that discretion. *State v. Payne,* 280 N.C. 150, 185 S.E. 2d 116 (1971) ; *State v. Ross,* 273 N.C. 498, 160 S.E. 2d 465 (1968) ; 7 Strong, N. C. Index 2d, Trial, § 13. We hold that the trial court did not abuse its discretion in denying the defendant's motion. This assignment of error is overruled.

[3] Defendant assigns as error the failure of the trial judge to declare a mistrial on defendant's motion therefor, after defendant instead of answering a question asked him by his counsel, made, among others, the following unsolicited statement:

> "I want a new trial. This is not going right. You can take me up there and lock me up there in jail. I am not going to testify for things."

Whether or not the trial court shall grant a mistrial for the "necessity of doing justice" on account of the misconduct of the defendant is within its sound discretion and will not be reviewed upon appeal except for gross abuse. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966) ; *State v. Hines,* 266 N.C. 1, 145

S.E. 2d 363 (1965); *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838, 6 A.L.R. 3d 888 (1962); *State v. Williams,* 7 N.C. App. 51, 171 S.E. 2d 39 (1969). We hold that no abuse of discretion is revealed by this record and that the trial judge therefore properly denied the defendant's motion for a mistrial.

Defendant has directed eight assignments of error to the charge of the court to the jury. We have considered each and every one of these assignments of error but find none prejudicial to the defendant's cause. We hold that the court's instructions, when viewed as a whole, were substantially correct and without prejudicial error. These assignments of error are overruled.

In the trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.