STATE OF NORTH CAROLINA v. CURTIS MOSES INGRAM

No. 7421SC570

(Filed 2 October 1974)

1. **Narcotics § 3— nonexpert opinion testimony — harmless error**
   Error in the admission of an SBI agent's testimony that the contents of a package "appeared to be heroin" was harmless where an expert witness thereafter testified that the substance was heroin.

2. **Constitutional Law § 31— identity of informant**
   In a prosecution for possession and distribution of heroin, defendant failed to show a sufficient need for an informer's identity on the ground that his testimony was needed on the question of the ability of an SBI agent to see defendant when defendant allegedly passed a package of heroin to another where the person to whom the package was passed testified that he received the package from defendant's hand and defendant introduced photographs of the area where the transaction allegedly occurred.

3. **Criminal Law § 101— denial of jury view**
   The trial court did not err in the denial of defendant's motion for a jury view of the scene where an SBI agent allegedly saw defendant sell heroin to another.

**4. Criminal Law § 85— character evidence — failure to show prejudice**

In a prosecution for possession and distribution of heroin wherein defendant's character was not put in issue, defendant failed to show that he was prejudiced by an SBI agent's testimony that he might have come across defendant's name in the intelligence files or by another agent's testimony that he knew defendant through his reputation even if such testimony amounted to evidence of defendant's character.

**5. Criminal Law § 162— necessity for motion to strike**

When testimony is initially admissible, but its content later shows that it is not admissible, objection thereto must be made by motion to strike the objectionable portion.

APPEAL by defendant from *McConnell, Judge,* 11 February 1974, Criminal Session of Superior Court held in FORSYTH.

Defendant was charged with and convicted of the possession and distribution of heroin.

Agent Gooch of the State Bureau of Investigation testified that upon his arrival in Winston-Salem as an undercover agent to buy drugs, he met another SBI agent, Agent Batten, who introduced him to an informer. The informer and Agent Gooch proceeded to Hiawatha Hairston's residence. Hairston, unaware at the time that Gooch was an undercover agent, rode around with Gooch and the informer to help Gooch purchase drugs. At approximately 11:00 p.m. they arrived at an apartment complex in Winston-Salem, and Hairston left the car to purchase $300.00 worth of drugs.

Gooch testified that there were no porch lights at the apartment complex, but that there was a nearby street light. The defendant appeared at the door for about ten seconds and handed Hairston an aluminum foil package. Hairston then delivered the package to Gooch who was waiting in the car. At this point Hairston, Gooch, and the informer drove away to meet Agent Batten. Agent Gooch performed a preliminary test on part of the substance purchased which indicated that the substance was heroin. The rest of the substance was turned over to Batten to be analyzed.

In apt time the defendant appealed to this Court from a judgment entered upon an adverse jury verdict.

*Attorney General Carson, by Associate Attorney William W. Webb, for the State.*

*G. Ray Motsinger, for defendant appellant.*

State v. Ingram

MARTIN, Judge.

[1]  Defendant has brought five assignments of error to this Court for consideration. First, he contends that it was reversible error for the trial court to allow Agent Gooch's testimony that the contents of the package he received from Hairston on the night in question "appeared to be heroin". There is no evidence in this record that qualifies Gooch to give such an opinion. However, this error is harmless since an expert witness testified later in the trial that the substance was heroin, and this testimony was not disputed.

[2]  Secondly, defendant argues that the court erred in not requiring the State to reveal the identity of the informer who accompanied Gooch and Hairston. Counsel for defendant correctly states the law in this area. The State is not required to disclose the identity of its informer unless the defendant can show a sufficient need. *State v. McLawhorn,* 16 N.C. App. 153, 191 S.E. 2d 410 (1972). Defendant points out that the informer was present at the crucial time when Gooch claims to have seen the defendant pass the package to Hairston. Since the ability of Gooch to see the defendant was an important factor in determining Gooch's credibility, defendant concludes that he had sufficient need of the informer's testimony. The defendant refers us to *Roviaro v. United States,* 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957). In *Roviaro,* at 1 L.Ed. 2d 639, 646, the U. S. Supreme Court indicates that the public's interest in the nondisclosure of an informer's identity must be balanced against the significance of an informer's testimony. Furthermore, the *Roviaro* court determines the significance of an informer's testimony by reference to all the evidence. The possible impeachment of one state witness does not, by itself, make an informer's testimony significant.

In the case at bar, Hairston testified he received the package from defendant's hand. This testimony renders Gooch's testimony less significant, and in turn, renders the informer's possible testimony less significant. Furthermore, defendant introduced photographs of the area. Looking at the record as a whole, it appears that the defendant has failed to show a sufficient need for the informer's identity. This assignment of error is overruled.

[3]  In his third assignment of error, the defendant argues that the trial court abused its discretion by denying defendant's

State v. Ingram

motion for a jury view of the scene. Whether a jury view should be granted is in the discretion of the trial court. *State v. Payne,* 280 N.C. 150, 185 S.E. 2d 116 (1971) ; *State v. McGhee,* 16 N.C. App. 702, 193 S.E. 2d 446 (1972). There is nothing here to indicate an abuse of discretion. This assignment of error is overruled.

[4] The fourth assignment of error raises the question of whether it was reversible error for the trial court to overrule defendant's objection to the following testimony by SBI agents in response to the solicitor's questions:

"Q. Now, prior to this night, had you known Curtis Ingram?

A. No sir, I did not. I could have come across his name due to identification work in our Intelligence Agency, but

Mr. Motsinger: Objection.

The Court: You didn't know him you say?

A. No, but I believe I could have come across his name in our Intelligence files.

The Court: Overruled."

Later in the trial the following dialogue took place:

"Q. Had you any knowledge of him (the defendant) ?

A. I know him through his reputation.

Mr. Motsinger: Objection.

The Court: What did you say, yes?

A. Yes, sir.

The Court: Overruled."

Defendant argues that the foregoing testimony amounts to evidence of defendant's character when his character was not put in issue. The State contends that the testimony was proper to show the lack of bias on the part of the SBI agents and only incidentally reflected on the defendant's character. If the testimony of the officers had been impeached, it would have been proper for the State to show lack of bias on the part of the witnesses. Generally, a party is not permitted to show lack of bias of his own witness where the opposite party has not attempted to impeach him. 98 C.J.S. Witnesses § 544, p. 486. How-

ever, the burden is on the defendant to show this Court how this error adversely affected him. 3 Strong, N. C. Index 2d, Criminal Law § 167, page 126. This he has failed to do.

[5]  Defendant's last assignment of error refers to the testimony of Agent Batten, in which Batten, on two occasions, relates a description of the defendant which Gooch had given him immediately after the purchase of heroin. The record shows that on one occasion defendant objected to the solicitor's question calling for the description, and on another occasion, the defendant interrupted Batten with an objection as Batten began testifying to Gooch's description of the defendant. It is true that Batten's testimony does not corroborate Gooch and, therefore, becomes inadmissible as hearsay. However, defendant lost the benefit of his objection by failing to move to strike the testimony. When testimony is initially admissible, but its content later shows that it is not admissible, objection thereto must be made by motion to strike the objectionable portion. *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970); *State v. McMullin,* 23 N.C. App. 90, 208 S.E. 2d 228 (1974); Stansbury, N. C. Evidence 2d, § 27, at page 51.

We find no reversible error in this case.

No error.

Chief Judge BROCK and Judge MORRIS concur.