STATE OF NORTH CAROLINA v. AL BOBBY RAINES, SAMUEL EARL WHITAKER, LARRY LESTER LANE, WILLIE GUY, JR.

No. 7510SC979

(Filed 5 May 1976)

1. Burglary and Unlawful Breakings § 4; Criminal Law § 42— breaking and entering — items in defendants' vehicle — admissibility

     In a prosecution for breaking and entering, larceny, and possession of burglary tools, the trial court did not err in admitting into evidence a crowbar, TV owners' manual, warranty, antenna and plastic bag found in the automobile in which defendants were riding when they were arrested, since there was evidence presented that a store had been broken into and valuable articles were stolen therefrom, and defendants were observed at the scene of the crime during the time when the crime was probably committed, and since the articles in the car had a logical tendency to connect defendants with the perpetration of the crime.

2. Burglary and Unlawful Breakings § 4— breaking and entering — analysis of paint on door and crowbar — testimony admissible

     The trial court in a prosecution for breaking and entering, larceny, and possession of burglary tools did not err in allowing into evidence testimony of SBI agents which showed that, through analysis of paint on the door of the store broken into and paint on the crowbar found in defendants' vehicle, and through analysis of the markings on the door, the crowbar found in the car in which the defendants were riding when they were arrested was the instrument used to break into the store.

3. **Burglary and Unlawful Breakings § 6— breaking and entering — definition of breaking not prejudicial**

   Defendant was not prejudiced in a prosecution for breaking and entering by the trial court's jury instruction that breaking "simply means the opening or removal of anything blocking entry."

APPEAL by defendants from *McKinnon, Judge.* Judgments entered 27 June 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 17 March 1976.

Defendants were indicted on charges of breaking and entering, larceny, receiving, and possession of burglary tools. The receiving charges were not prosecuted, and they were tried on the remaining charges.

The State presented evidence at trial tending to establish that Donald Duty, manager of the Raleigh Firestone Store, returned to the store in the early morning hours of 2 May 1975 in response to a call from the police department and discovered that the back door of the warehouse had been forced open. Duty testified that three television sets were missing from the warehouse.

Detective D. C. Williams testified that he "had received information as to planned criminal activities by these four defendants on May 1st." Williams stated that he received information that the defendants planned to steal television sets. Williams' information was provided by an informant who had, on prior occasions, given information leading to the arrest and conviction of other persons. Williams said that he began surveillance on the four defendants at approximately 6:00 p.m. on 1 May 1975. Williams observed defendant Willie Guy driving a Monte Carlo at the corner of Martin and Hargett Streets. Williams followed Guy to the 400 block of South Bloodworth Street where Al Bobby Raines got into the car. Williams stated that he lost track of the vehicle for a short time, but, upon regaining visual contact, he observed that Larry Lane was also in the car. At approximately midnight all four of the defendants were seen together in the vehicle.

Williams testified that he directed his surveillance to the Firestone Store when he saw the defendants' car parked on Commerce Street, and the Firestone Store was the only store in the area stocking television sets.

Williams stated that he heard a loud banging outside the Firestone Store and saw Al Bobby Raines, Larry Lane, and

Sammy Whitaker by the door of the building. Willie Guy, driving the Monte Carlo, picked up the other three men. Williams made a visual check of the Firestone Store's door but did not detect any evidence of breaking and entering. He then pursued the defendants.

Police Sergeant Lockey made a thorough search of the Firestone Store and discovered that the building had been broken into. Williams stopped the vehicle in which the defendants were traveling and searched the vehicle. Pursuant to the search, Williams found a sawed-off shotgun, a 357 magnum pistol, and a crowbar. Williams seized the guns but left the crowbar in the car. After obtaining a search warrant, the crowbar, a TV owner's manual, and other items found in the car were impounded.

SBI chemist, R. D. Cone, testified that the paint on the crowbar originated from the door broken into at the Firestone Store. SBI agent Frederick Hurst, Jr. was qualified as an expert in the field of toolmark identification. Agent Hurst testified that the crowbar made the marks on the door which was broken open at the Firestone Store.

Defendants Raines and Whitaker presented evidence of alibi. Defendants Lane and Guy presented no evidence. The jury returned a verdict of guilty as to each of the defendants for breaking and entering, and possession of burglary tools. Each defendant was acquitted on the charge of larceny. From a judgment imposing prison sentences, the defendants appealed to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General John M. Silverstein, for the State.*

*Thomas S. Erwin for defendant appellant Willie Guy, Jr.*

*Manning, Fulton and Skinner, by James E. Davis, Jr., for defendant appellant Bobby Raines.*

*William A. Smith, Jr., for defendant appellant Lester Lane.*

*James A. Everett for defendant appellant Earl Whitaker.*

ARNOLD, Judge.

[1] Defendants contend that the trial court erred by admitting into evidence the crowbar, owner's manual, warranty, antenna

and plastic bag found in the automobile in which defendants were riding when they were arrested. Defendants argue that the relevancy of evidence was "remote and conjectural" and that admission of the objects into evidence invited prejudice. This contention is unfounded.

There was sufficient competent evidence presented at trial to prove that in the early hours of 2 May 1975 the Firestone Store in Raleigh was broken into and that valuable articles were stolen from the store. There was further evidence establishing that the defendants were observed at the scene of the crime during the time when the crime was probably committed. The evidence was properly admitted in that it had a logical tendency to connect the defendants with the perpetration of the crime. *State v. Fogleman,* 204 N.C. 401, 168 S.E. 536 (1933).

"Tangible traces of various sorts may indicate the presence of a person or the happening of an event of a certain character at a particular place, and evidence of them is therefore admissible if the inference sought to be drawn is a reasonable one. Thus, . . . the finding of weapons, . . . burglar tools, or other paraphernalia used in the commission of the crime, or other clues tending to place the accused at the scene, may be received as tending more or less strongly to connect the accused with the crime." Stansbury's N. C. Evidence, Footprints and Other Tangible Clues. § 85, pp. 263-265.

Defendants contend that the trial judge erred in denying their motion for a jury view. Absent a showing that the trial court abused its discretion in refusing to allow the jury to view the area surrounding the Firestone Store, we cannot say that the trial judge erred in denying the defendants' motion. *State v. Payne,* 280 N.C. 150, 185 S.E. 2d 116 (1971) ; *State v. Ingram,* 23 N.C. App. 186, 208 S.E. 2d 519 (1974).

[2]    Defendants Raines and Guy assign error to the trial court's rulings admitting testimony of SBI agents R. D. Cone and Fred Hurst, Jr. The SBI agents' testimony effectually determined, through an analysis of the paint on the door and the crowbar, and the markings on the door, that the crowbar found in the car in which the defendants were riding when they were arrested was the instrument used to break into the Firestone Store. Defendants argue that tests used in determining whether the crowbar was the instrument used in the break-in are not scientifically reliable. We disagree.

"It seems abundantly clear that, despite occasional technical roadblocks erected by the 'rule' against invading the jury's province and by notions about the jury's sublime capacity to draw its own inferences, there can be expert testimony upon practically any facet of human knowledge and experience." Stansbury's N. C. Evidence, Subject Matter of Expert Testimony, § 134, p. 438.

The record establishes that SBI agent Cone is a forensic chemist with a B.S. degree from North Carolina State University, and a M.S. degree from Michigan State University. Mr. Cone had teaching experiences in his field of chemistry at the secondary education and college levels. He has had his works published by the Southern Association of Forensic Scientists and by the Academy of Forensic Scientists.

Agent Hurst is assigned to the firearm and toolmark division of the technical section of the criminal laboratory of the State Bureau of Investigation. He studied firearm and toolmark identification under the chief examiner for the SBI, and at the Chicago Police Crime Laboratories. He has conducted numerous comparisons of tools and toolmarks for the SBI since 1971.

The trial court's findings that Agents Cone and Hurst were properly qualified as experts is supported by the evidence, and the trial judge did not err in admitting the witnesses' testimony tending to establish the crowbar as the instrument used in the break-in of the Firestone Store. *State v. Woods,* 286 N.C. 612, 213 S.E. 2d 214 (1975); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

[3] Defendant Raines assigns error to the trial judge's definition of breaking in his instruction to the jury. The trial judge stated that breaking "simply means the opening or removal of anything blocking entry." Defendant Raines notes that the North Carolina Supreme Court disapproved of a similar definition of breaking in *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974). However, Justice Branch, writing for the majority, states that [a]lthough we do not approve of the language used by the trial judge in this portion of the charge, we do not believe that the jury was misled by this single statement." *State v. Henderson, supra,* at 22.

The evidence at trial established that the building was broken into through the use of a crowbar on the door. We do

not believe that defendant Raines was prejudiced by the trial court's definition of breaking, and we find no error.

We have reviewed the remaining assignments of error and do not find any error prejudicial to defendants.

No error.

Judges MORRIS and HEDRICK concur.