STATE OF NORTH CAROLINA v. PAULINE DORTCH

No. 828SC816

(Filed 5 April 1983)

**1. Narcotics § 3.1— test results—nonexpert testimony—harmless error**

Testimony by an undercover agent that preliminary tests performed on white powder purchased by him from the defendant showed that it was opium was improper since the witness was not shown to have made the tests or to have expert qualifications, but such testimony was harmless since an expert chemist later testified to the same effect without objection.

**2. Criminal Law § 88— cross-examination—argumentative questions**

The trial court did not err in refusing to permit an SBI agent to answer questions on cross-examination as to whether there is a substantial difference between certain heights and weights which were used by an undercover agent on different occasions in describing the defendant since the questions were argumentative rather than evidentiary.

**3. Criminal Law §§ 87.4, 173— invited error—testimony on redirect explaining new matter raised on cross-examination**

In a prosecution for possession and sale of heroin, the trial court did not err in permitting an SBI agent to testify on redirect examination that clothing with tags still attached and some vegetable material were found in a search of defendant's house since any error was invited when the search was first mentioned during cross-examination of the witness, and since it was permissible to explain on redirect examination any new matter raised on cross-examination.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 11 March 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 9 February 1983.

Defendant was convicted of possessing and selling heroin, a controlled substance.

The State's evidence tended to show that an undercover SBI agent, Mr. Dove, visited the defendant's premises several times and that on two occasions he purchased heroin from her. Defendant denied ever handling or selling narcotics, but recalled having seen Agent Dove at her place on one occasion.

*Attorney General Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Louis Jordan for the defendant appellant.*

PHILLIPS, Judge.

[1] The defendant first cites as error the testimony of Agent Dove that preliminary tests performed on the white powder purchased by him from the defendant showed that it was opium. Though this testimony was improper, since Dove was not shown to have made the tests or have expert qualifications, it was harmless, since the record discloses that Agent Kempie, an acknowledged expert chemist, later testified to the same effect, without objection. *State v. Ingram*, 23 N.C. App. 186, 208 S.E. 2d 519 (1974).

[2] The defendant's next citation of error is to the Court's refusal to let SBI agent Surratt on cross-examination say whether "there's a substantial difference between 5′ 7″ and 5′ 9″; between 5′ 7″ and 5′ 9″ versus 5′ 11″, and between weighing 140 and 190 pounds." The different heights and weights stated were all used by Agent Dove on different occasions in describing the defendant, who, in fact, weighed about 190 pounds and was 5′ 11″ tall. The questions were argumentative, rather than evidentiary, and the Court's refusal to permit answers thereto was proper. *State v. Blount*, 4 N.C. App. 561, 167 S.E. 2d 444 (1969). Anyway, this witness had testified just a moment before, "Yes, I would say there is a substantial difference in 5′ 7″ and 9″ versus 5′ 11″."

[3] Defendant's final contention is that defendant was unduly prejudiced by Agent Surratt testifying as to a search that was made of defendant's house after the incident alleged in the bill of indictment. Had this testimony been spontaneously presented by the State, the defendant's point would be well taken. But, the record shows that the search was first mentioned during the cross-examination of this witness, when defense counsel, apparently believing that such evidence would be helpful, had this witness reveal that defendant's house was later searched for cocaine, but that none was found. The testimony complained of—(to the effect that during the search, "clothing with tags still attached and some vegetable material" were found)—was elicited during re-direct examination. Thus, it seems to us that if this evidence was error that it was more or less invited by the defendant. But no error is seen, since it is permissible to explain on re-direct any new matter raised on cross-examination, even though standing alone the explanation would be irrelevant and even prej-

udicial. *State v. Oxendine*, 224 N.C. 825, 32 S.E. 2d 648 (1945). Too, since Agent Surratt testified that none of the items found in this search were linked in any way to the defendant, the evidence would seem to be harmless, in any event. *State v. Shaw*, 284 N.C. 366, 200 S.E. 2d 585 (1980).

Thus, we find

No error.

Judges WEBB and BECTON concur.