STATE OF NORTH CAROLINA v. CLARK PROCTOR, JR.

No. 8229SC795

(Filed 17 May 1983)

1. Searches and Seizures § 28— search warrant—exceeding territorial jurisdiction of officer

  Where defendant's residence was more than a mile outside the city, the officer who executed the warrant exceeded his extraterritorial jurisdiction as limited by the provisions of G.S. 160A-286; however, admission of the evidence seized during that search did not constitute prejudicial error.

2. Criminal Law § 87.1— admission of leading question—no error

  Where defendant objected to the testimony of an officer in which the officer enumerated the items seized from defendant's residence on the specific ground that the testimony was in response to a leading question, the trial

court did not abuse its discretion in overruling defendant's objection on the ground stated.

**3. Criminal Law § 50.2— opinion of non-expert—remedy by later expert witness's opinion**

The admission of an officer's testimony regarding the results of field tests conducted on substances purchased from defendant was harmless where an expert forensic chemist thereafter testified that he tested the substances purchased and found them to be heroin and cocaine.

Judge EAGLES concurring.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 11 March 1982 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 8 February 1983.

Defendant, Clark Proctor, Jr., was indicted on the following charges: 81CRS6229—possession of heroin with the intent to sell and deliver; 81CRS6231—sale and delivery of heroin; 81CRS6230 —possession of cocaine with the intent to sell and deliver; 81CRS6232—sale and delivery of cocaine. A jury returned a guilty verdict on each count as charged. From judgments imposing active sentences of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alan S. Hirsch, for the State.*

*J. Nat Hamrick, for defendant appellant.*

JOHNSON, Judge.

Evidence for the State tended to show that in November 1981 the Forest City Police Department of Rutherford County conducted an undercover campaign for the apprehension of persons violating the drug laws. On 17 November 1981, defendant sold cocaine to Officer Larry Boyles, a Shelby city police officer. Defendant also sold heroin to Officer Boyles on 18 November 1981. Both sales were consummated at Gardo's Motel in Rutherford County. The substances were transmitted to the SBI Lab for analysis.

Immediately following the 18 November sale, defendant was arrested and a search warrant for defendant's home was issued upon application of Detective Sergeant John L. Wilkins for the Forest City Police Department. The warrant was directed to any

officer with authority and territorial jurisdiction to conduct the search. Officer Wilkins served the warrant and executed a search of defendant's home. Items seized in the search were admitted into evidence over defendant's objection.

Defendant admitted at trial that he sold and delivered the heroin and cocaine to Officer Boyles. However, defendant relied upon the defense of entrapment. He testified that he sold the controlled substances at the request of and as a favor to Ted Harris, an informant for the Forest City Police Department. Defendant further testified that his house, although in Rutherford County, is located more than one mile outside the city limits of Forest City; that of the items seized from his residence, the hydrochloric acid and scales were the only items which belonged to him. The other items belonged to the adult members of his family who lived with him. Defendant testified that he uses the hydrochloric acid and scales to test and weigh silver and gold. Defendant has previously been convicted of possessing marijuana with intent to sell and deliver.

Defendant contends the court erred in failing to strike the testimony of Officer Wilkins that as a result of the search of defendant's residence he seized marijuana, hydrochloric acid, a jar of lactose and a brown pouch containing a "coke" spoon, a single edge razor blade and a small mirror, and in admitting these exhibits into evidence over defendant's objections. Defendant argues that the testimony and exhibits were incompetent because Officer Wilkins had no authority to search his residence which was located outside the extraterritorial jurisdiction of the officer. Defendant does not contest the appropriateness of the search warrant, nor the procedures used during the search. Defendant's sole contention concerns the extraterritorial jurisdiction of Officer Wilkins.

G.S. 15A-247 provides that a search warrant may be executed by any law enforcement officer acting within his territorial jurisdiction, whose investigative authority encompasses the crime or crimes involved. G.S. 160A-286 provides that in addition to their authority within the corporate limits, city policemen shall have all the powers invested in law enforcement officers by statute or common law within one mile of the corporate limits of the city, and on all property owned by or leased to the city

wherever located. Any officer pursuing an offender outside the corporate limits or extraterritorial jurisdiction of the city shall be entitled to all of the privileges, immunities, and benefits to which he would be entitled if acting within the city, including coverage under the workmen's compensation laws.

[1] First, we consider defendant's contention that the court erred in admitting into evidence the items seized from defendant's residence. Defendant objected to each exhibit as it was offered into evidence. It is uncontradicted that Officer Wilkins, a municipal police officer of Forest City, seized this evidence pursuant to a search of defendant's residence which was located more than one mile beyond the corporate city limits. Further, the search was not the result of Officer Wilkins' pursuit of an offender outside the corporate limits or extraterritorial jurisdiction of the city; nor incident to an arrest. We therefore hold that the search exceeded the officer's extraterritorial jurisdiction as limited by the provisions of G.S. 160A-286. However, admission of the evidence seized during that search did not constitute prejudicial error. An error is prejudicial if there is a reasonable possibility that a different result would have occurred at trial if the error had not been committed. G.S. 15A-1443(a); *State v. Barrow*, 276 N.C. 381, 172 S.E. 2d 512 (1970). In view of the overwhelming evidence that defendant sold and delivered the controlled substances to Officer Boyles, it is our opinion that there is no reasonable possibility that a different result would have occurred if the court had properly excluded this evidence.

[2] We now consider defendant's contention that the court erred in failing to strike the testimony of Officer Wilkins enumerating the items seized from defendant's residence. In a criminal prosecution, objections to testimony of a State's witness must be interposed to questions at the time they are asked and to the answers when given. *State v. Barrow, supra; State v. Hunt*, 223 N.C. 173, 25 S.E. 2d 598 (1943). However, if the objection interposed to the question specifies the ground for the objection, the competency of the evidence will be determined solely on the basis of the ground specified, even though there may be another ground upon which the evidence might be held incompetent. *State v. Jones*, 293 N.C. 413, 238 S.E. 2d 482 (1977); *State v. Cumber*, 280 N.C. 127, 185 S.E. 2d 141 (1971). Failure to interpose a timely objection constitutes a waiver. *State v. Hunt, supra.*

When, on direct examination, the State asked Officer Wilkins the question which elicited his testimony enumerating the items seized from the residence, defendant objected to the question and specified as his ground for objecting that it was a leading question. It is generally held that leading questions may not be asked on direct examination, but the rulings of the trial judge are discretionary, and reversible only for an abuse of discretion. *State v. Harris,* 290 N.C. 681, 228 S.E. 2d 437 (1976); *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974). We hold that the trial court, in allowing the single leading question presented here, did not abuse its discretion in overruling defendant's objection on the ground stated.

We also note that defendant failed to object to the witness' answer and failed to make a timely motion to strike the answer. Defendant's motion to strike the witness' answer was made later, during the cross-examination of Officer Wilkins. Where there is no timely objection to the testimony, a motion to strike is addressed to the discretion of the trial judge, and his ruling thereon is not subject to review in the absence of abuse. *State v. Hunt, supra.* In view of our holding that the trial court did not abuse its discretion in overruling defendant's objection to the "leading question" together with defendant's failure to make a timely objection to the testimony, or timely motion to strike the answer, we hold that the trial court did not abuse its discretion in denying defendant's motion to strike.

[3] Defendant next contends the court erred in allowing Officer Boyles to testify to the results of field tests Boyles conducted on the substances purchased from defendant where there was no evidence to establish his qualifications to conduct such tests or to give the results.

We conclude that any error in the admission of Officer Boyles' testimony regarding the results of the field tests was harmless. While Officer Boyles himself was not qualified as an expert witness for purposes of identifying the "controlled" nature of the substance purchased, the State later tendered the testimony of an expert forensic chemist, Ralph Johansen. Johansen thereafter testified that he tested the substances purchased and found them to be heroin and cocaine. This testimony was undisputed. In *State v. Ingram,* 23 N.C. App. 186, 208 S.E. 2d 519 (1974) this

Court ruled the erroneous admission of a non-expert opinion as to the nature of the substance (heroin), harmless error under strikingly similar circumstances. Defendant has presented no compelling reason to depart from that rule in the case *sub judice.* We therefore conclude that admission of Officer Boyles' non-expert testimony was harmless error.

Defendant also assigns as the judge's imposition of a sentence in excess of the presumptive sentence. However, defendant has failed to include a copy of the judgment within the record on appeal and has failed to set forth an exception to the judgment. Thus, defendant's assignment of error is not properly presented to this Court for review. Rules 9(b)(3) and 10(a), Rules of Appellate Procedure.

We have carefully considered defendant's other assignments of error and find them to be without merit.

In defendant's trial we find

No prejudicial error.

Judges HEDRICK and EAGLES concur.

Judge EAGLES concurring.

I concur, but would emphasize that the results of an expensive and far reaching police investigation could have been jeopardized by the failure of local police officers to scrupulously abide by jurisdictional limitations. In this case the error was harmless, but for a law enforcement officer to wilfully act outside of his territorial jurisdiction without excuse is error.